ELIZABETH C. SCOTT (*pro hac vice*)
escott@ftc.gov
TAYLOR H. ARANA (*pro hac vice*)
tarana@ftc.gov
CLAIRE E.W. STEWART (*pro hac vice*)
cstewart@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5609 (Scott)
Telephone: (312) 960-5639 (Arana)
Telephone: (312) 960-5615 (Stewart)

Local Counsel:
AARON M. SCHUE (CA BAR NO. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER, L.L.C., <br><br> Defendants. | Case No. 2:25-CV-08884 <br><br> **JOINT STATUS REPORT** |

Pursuant to the Court's October 2, 2025, Order (Dkt. 49), the parties hereby submit this Joint Status Report, including a proposed schedule of future proceedings:

1. This matter was filed on September 18, 2025. (Dkt. 1.) Defendants Live Nation Entertainment, Inc. and Ticketmaster, L.L.C. agreed to waive service of the Complaint and their responsive pleadings were initially due on November 24, 2025. (Dkts. 28 & 29.)

2. At the end of the day on September 30, 2025, the continuing resolution that had been funding Plaintiff Federal Trade Commission ("FTC") expired, and appropriations to the FTC lapsed. On October 1, 2025, the FTC requested that the Court stay these proceedings until appropriations were restored. (Dkt. 45.) On October 2, 2025, the Court stayed the proceedings, extended all deadlines commensurate with the length of the lapse in appropriations, administratively closed the case, and ordered the parties to file a joint status report within seven (7) days of the end of the lapse in appropriations. (Dkt. 49.) The FTC lacked appropriated funds for 43 days, until funds were appropriated on November 12, 2025, and the stay should now be lifted and the case reopened.

3. Pursuant to the Court's October 2, 2025, Order, Defendants' responsive pleading is now due on January 6, 2026. The parties have met and conferred

regarding a schedule for future proceedings but have been unable to agree on a briefing schedule. The parties' proposed schedules depart from the Court's standard briefing schedule. The parties believe that good cause for this departure exists. Defendants request one additional week to file their responsive pleading in order to avoid having to finalize this important and dispositive motion over the Christmas and New Years holidays. Defendants also believe there are novel legal issues of first impression involved. Plaintiffs intend to file a single opposition for all co-plaintiffs, which will require additional time to coordinate.

    a.   ***Plaintiffs' Proposal:***

        i.   January 9, 2026:   Defendants' responsive pleading due;

        ii.   February 6, 2026:  Plaintiffs' opposition due;

        iii.   February 19, 2026: Defendants' reply due; and

        iv.   March 12, 2026:   Hearing on Defendants' Rule 12 Motion (if necessary).

    b.   ***Defendants' Proposal:***

        i.   January 13, 2026:  Defendants' responsive pleading due;

        ii.   February 2, 2026:  Plaintiffs' opposition due;

        iii.   February 23, 2026: Defendants' reply due; and

        iv.   March 19, 2026: Hearing on Defendants' Rule 12 Motion.

4. For purposes of discovery planning, Federal Rule of Civil Procedure 26(f) requires that the parties "confer as soon as practicable." The parties intend to initiate such discussions consistent with this obligation, but have differing positions as to what is practicable:

a. ***Plaintiffs' Position:*** Plaintiffs propose that the Court set a deadline of December 19, 2025, by which the parties must meet pursuant to Rule 26. This will allow the parties to resolve threshold discovery issues wholly unrelated to Defendants' Rule 12 Motion, such as the need for a protective order or agreement governing the production of electronically stored information. And it will ensure that the start of discovery is not delayed during the briefing and pendency of the Defendants' Rule 12 Motion, irrespective of the date the Court selects for its Rule 26 scheduling conference.

b. ***Defendants' Position***: Defendants expect the Court's ruling on their Rule 12 Motion to address most or all of the claims and may significantly narrow the issues for discovery. As a result, although Defendants remain willing to confer with Plaintiffs on case-related matters, the parties will not be in a position to provide meaningful input on the topics required for discussion under Rule 26(f) without the benefit of the Court's guidance on Defendants' forthcoming Rule 12 Motion. In addition, given the anticipated scope of the forthcoming motion,

requiring the parties to proceed with initial disclosures, document collection, and other discovery obligations now would impose unnecessary burden and expense.

A short delay in the Rule 26(f) conference and the initiation of discovery will conserve judicial and party resources and is unlikely to prejudice any party. First, the delay to date has been due solely to the federal government's shutdown, during which the FTC elected to seek a stay of this proceeding while it continued prosecuting other cases. Second, and more fundamentally, Plaintiffs face no cognizable prejudice from awaiting the Court's guidance where they could have brought this action at any time since the statute underlying their principal claims—the Better Online Ticket Sales Act—was enacted in 2016. Plaintiffs' delay underscores that there is no urgency requiring immediate discovery before the pleadings are settled and the issues refined. Accordingly, Defendants propose that the Court set the Rule 26 scheduling conference either concurrent with or after the hearing on the Defendants' anticipated Rule 12 Motion.

| | |
|---|---|
| Respectfully Submitted, | Dated:  November 19, 2025 |
| By:  /s/*Elizabeth C. Scott* <br> ELIZABETH C. SCOTT (*pro hac vice*) <br> escott@ftc.gov <br> TAYLOR H. ARANA (*pro hac vice*) <br> tarana@ftc.gov <br> CLAIRE E.W. STEWART (*pro hac vice*) <br> cstewart@ftc.gov <br> FEDERAL TRADE COMMISSION <br> 230 South Dearborn Street, Suite 3030 <br> Chicago, IL 60604 <br> Telephone: (312) 960-5609 (Scott) <br> Telephone: (312) 960-5639 (Arana) <br> Telephone: (312) 960-5615 (Stewart) <br><br> AARON M. SCHUE (CA BAR NO. 338760) <br> aschue@ftc.gov <br> FEDERAL TRADE COMMISSION <br> 10990 Wilshire Boulevard, Suite 400 <br> Los Angeles, CA 90024 <br> Telephone: (310) 824-4300 <br><br> *Counsel for Plaintiff* <br> *Federal Trade Commission* <br><br> /s/*Brady J. Grassmeyer* <br> Brady J. Grassmeyer (*pro hac vice*) <br> Brady.Grassmeyer@coag.gov <br> Senior Assistant Attorney General <br> 1300 Broadway, 10th Floor <br> Denver, CO 80203 <br> Telephone: (720) 508-6263 <br><br> *Attorney for the State of Colorado* | By: /s/*Michael H. Rubin* <br> MICHAEL H. RUBIN (BAR NO. 214636) <br> michael.rubin@lw.com <br>  SCOTT D. JOINER (BAR NO. 223313) <br> scott.joiner@lw.com <br> LATHAM & WATKINS LLP <br> 505 Montgomery Street, Suite 2000 <br> San Francisco, California 94111-6538 <br> Telephone: (415) 391-0600 <br><br> ALEXANDER C.K. WYMAN (BAR NO. 295339) <br> alex.wyman@lw.com <br> WILL SCHILDKNECHT (BAR NO. 348372) <br> will.schildknecht@lw.com <br> MAX A. SHAPIRO (BAR NO. 334929) <br> max.shapiro@lw.com <br> LATHAM & WATKINS LLP <br> 10250 Constellation Blvd., Suite 1100 <br> Los Angeles, CA 90067 <br> Telephone: (424) 653-5500 <br><br> BENJAMIN M. MUNDEL (*pro hac vice forthcoming*) <br> bmundel@sidley.com <br> SIDLEY AUSTIN LLLP <br> 1501 K Street, N.W. <br> Washington, DC 20005 <br> Telephone: (202) 736-8000 <br><br> *Counsel for Defendants* <br> *Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |

/s/ *Donna Cecilia Valin*
Donna Valin, Special Counsel,
Assistant Attorney General (*pro hac vice*)
Donna.valin@myfloridalegal.com
Consumer Protection Division
135 West Central Blvd.
Orlando, FL 32801
Telephone: (407) 316-4840
Fax: (407) 245-0365

*Attorney for the State of Florida*

/s/ *Alexandra A. Golota*
ALEXANDRA A. GOLOTA (*pro hac vice*)
alexandra.golota@ilag.gov
WILTON A. PERSON (*pro hac vice*)
Wilton.Person@ilag.gov
 Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street, 26th Floor
Chicago, Illinois 60603
Telephone:   (872) 272-0794 (Golota)
             (224) 252-6458 (Person)

*Attorneys for the State of Illinois*

/s/ *Benjamin J. Swanson*
Benjamin J. Swanson (*pro hac vice*)
benjamin.swanson@nebraska.gov
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508

Telephone: (402) 471-7759

*Attorney for the State of Nebraska*

/s/ *Kelley L. Groover*
KELLEY GROOVER, Sr. Assistant Attorney General/Managing Attorney (*pro hac vice*)
Kelley.Groover@ag.tn.gov

KRISTINE KNOWLES, Assistant Attorney General (*pro hac vice*)
Kristine.Knowles@ag.tn.gov
OFFICE OF THE TENNESSEE ATTORNEY GENERAL
Public Protection Section
Consumer Protection Division
UBS Tower, 20th Floor
315 Deaderick Street
Nashville, Tennessee 37243
Telephone: (615) 741-1671
Fax: (615) 532-2910

*Attorneys for the State of Tennessee*

/s/ *Marilee L. Miller*
Marilee L. Miller (Utah bar pending, *pro hac vice*)
Director, Public Protection and Fraud Division
marileemiller@agutah.gov
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, UT 84114
Telephone: (801) 366-0310

/s/ *Stevenson Smith*
Stevenson Smith (*pro hac vice*),
Assistant Attorney General
scsmith@agutah.gov
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, UT 84114
Telephone: (801) 366-0310

*Attorneys for the State of Utah and the Utah Division of Consumer Protection*

/s/ *Chandler P. Crenshaw*
CHANDLER P. CRENSHAW (*pro hac vice*)
Assistant Attorney General and Unit Manager
CCrenshaw@oag.state.va.us
Assistant Attorney General and Unit Manager
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone:  (804) 786-2071
Fax:            (804) 786-0122

*Attorney for Plaintiff Commonwealth of Virginia*