**LATHAM & WATKINS LLP**
  Michael H. Rubin (Bar No. 214636)
    *michael.rubin@lw.com*
  Scott D. Joiner (Bar No. 223313)
    *scott.joiner@lw.com*
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111-6538
  Telephone: (415) 391-0600

  Alexander C.K. Wyman (Bar No. 295339)
    *alex.wyman@lw.com*
  Will Schildknecht (Bar No. 348372)
    *will.schildknecht@lw.com*
  Max A. Shapiro (Bar No. 334929)
    *max.shapiro@lw.com*
  10250 Constellation Blvd., Suite 1100
  Los Angeles, CA 90067
  Telephone: (424) 653-5500

**SIDLEY AUSTIN LLP**
  Benjamin M. Mundel (*pro hac vice forthcoming*)
    *bmundel@sidley.com*
  1501 K Street, N.W.
  Washington, DC 20005
  Telephone: (202) 736-8000

Attorneys for Defendants
Live Nation Entertainment, Inc. and Ticketmaster L.L.C.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION; ATTORNEY GENERAL OF COLORADO; OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS; THE PEOPLE OF THE STATE OF ILLINOIS; STATE OF NEBRASKA; STATE OF TENNESSEE; STATE OF UTAH; UTAH DIVISION OF CONSUMER PROTECTION; COMMONWEALTH OF VIRGINIA, <br><br> Plaintiffs, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C., <br><br> Defendants. | Case No. 2:25-cv-08884-MEMF-MAA <br><br> **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** <br><br> Date:   February 19, 2026 <br> Time:   10:00 a.m. <br> Place:   Courtroom 8B <br><br> Hon. Maame Ewusi-Mensah Frimpong |

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. respectfully request that the Court take judicial notice of Ticketmaster's Purchase Policy, attached as Exhibit 1 to the Declaration of Alexander C.K. Wyman filed concurrently herewith.

## I. Legal Standard

When resolving a motion to dismiss, a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). A document is incorporated by reference and may be treated "as though [it is] part of the complaint itself" if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). "This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (citation omitted). The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Additionally, judicial notice is proper where the information at issue is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, in considering a motion to dismiss under Rule 12(b)(6), a court may consider judicially noticeable material without converting the motion into one for summary judgment. *See, e.g.*, *Khoja*, 899 F.3d at 999; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## II. Ticketmaster's Purchase Policy Is Incorporated By Reference Into The Complaint And Subject To Judicial Notice

Plaintiffs' claim under the Better Online Ticket Sales Act ("BOTS Act"), 15 U.S.C. § 45c, requires a showing that Defendants "circumvent[ed] a security measure, access control system, or other technological control or measure on an Internet website or online service that is used by the ticket issuer to enforce posted event ticket limits or to maintain the integrity of posted online ticket purchasing order rules." Compl. ¶ 119 (citing 15 U.S.C. § 45c(a)(1)(A)). Plaintiffs contend that Ticketmaster's Purchase Policy was one of its "security measures and controls" that "prohibited users both from purchasing tickets in excess of posted per-event ticket limits, and from using multiple Ticketmaster user accounts to buy tickets in excess of those limits." *Id.* ¶¶ 68-69. The Purchase Policy is therefore integral to Plaintiffs' claim under the BOTS Act, and is incorporated by reference into the Complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (agreement incorporated by reference into complaint because it was "integral" to determining the "authorization . . . and ownership" of the parties' disputed assets); *Starks v. Geico Indem. Co.*, 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015) (policy incorporated by reference into complaint because it was "crucial" to claims to the extent that it "authorize[d]" defendant's alleged activity); *Libman v. Apple, Inc.*, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024) (online "welcome screens" incorporated by reference into complaint because they were "integral to plaintiffs' claims" regarding "whether Apple disclosed its collection practices and whether Plaintiffs consented to those collection practices").

Additionally, Ticketmaster's Purchase Policy is subject to judicial notice because documents that appear on "publicly available websites are proper subjects of judicial notice." *Asner v. SAG-AFTRA Health Fund*, 557 F. Supp. 3d 1018, 1024 (C.D. Cal. 2021) (internal quotation marks omitted). Courts routinely take judicial notice of the existence and contents of policies akin to the policy here. *See, e.g., id.*

(taking judicial notice of the SAG-AFTRA Constitution and other "publicly available websites"); *Pica v. Delta Air Lines, Inc.*, 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) (taking judicial notice of Delta's "Privacy Policy as matters of public record outside the pleadings that are not subject to reasonable dispute" (citation and internal quotation marks omitted)); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (observing that "three publicly available Google webpages" and "four versions of Google's Privacy Policy" "appear on publicly available websites and are thus proper subjects for judicial notice"); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (taking judicial notice of Twitter's Terms of Service and other "publicly available webpages" because "their contents are not subject to reasonable dispute"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of various Google privacy policies and terms of service because "[t]hese documents appear on publicly available websites and are thus proper subjects for judicial notice"); *Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235, 1241-42 (N.D. Cal. 2017) (taking judicial notice of Facebook's Payment Terms and Self-Serve Ad Terms); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of the Yelp Privacy Policies "because they were publicly available on the Yelp website and their existence cannot reasonably be questioned"); *In re Google, Inc. Priv. Policy Litig.*, 2012 WL 6738343, at *3-4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of "past and present Terms of Service and Privacy Policies" as "matter[s] of public record").

Accordingly, the Court may consider Ticketmaster's Purchase Policy on the Motion to Dismiss because it is incorporated into the Complaint by reference and subject to judicial notice.

### III.  Conclusion

For the foregoing reasons, Defendants request that this Court take judicial notice of the above-referenced exhibit.

| | |
|---|---|
| Dated: January 6, 2026 | Respectfully submitted,<br><br>LATHAM & WATKINS LLP<br>  Michael H. Rubin<br>  Scott D. Joiner<br>  Alexander C.K. Wyman<br>  Will Schildknecht<br>  Max A. Shapiro<br><br>SIDLEY AUSTIN LLP<br>  Benjamin M. Mundel<br><br><br>By */s/ Michael H. Rubin*<br>  Michael H. Rubin<br><br>Attorneys for Defendants<br>Live Nation Entertainment, Inc. and<br>Ticketmaster L.L.C. |