Case 2:25-cv-08884-MEMF-MAA   Document 63-1   Filed 01/20/26   Page 1 of 18   Page ID #:305

# EXHIBIT A

Defendants (i) participate directly in or have the ability to control the conduct in violation of Section (a)(1)(A) of the Better Online Ticket Sales Act, or (ii) know or should know that these event tickets were purchased in violation of Section (a)(1)(A) of the Better Online Ticket Sales Act.

125. Defendants' practices as set forth above are violations of Section (a)(1)(B) of the Better Online Ticket Sales Act, 15 U.S.C. § 45c(a)(1)(B), and therefore constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). Colorado, Florida, Illinois, Nebraska, Tennessee, Utah, and Virginia join this count pursuant to Section (c) of the Better Online Ticket Sales Act, 15 U.S.C. § 45c(c).

## VIOLATIONS OF COLORADO STATE LAW

### COUNT IV
### Violations of Colorado Consumer Protection Act
### (By Plaintiff Attorney General of Colorado)

126. Plaintiff Colorado re-alleges and incorporates each and every allegation set forth in the preceding paragraphs.

127. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants have violated the Colorado Consumer Protection Act by:

   a. advertising tickets with the intent not to sell them as advertised. Colo. Rev. Stat. § 6-1-105(1)(i);

      b.    making false or misleading statements concerning the price of tickets, including by advertising tickets without including the full amount that the consumer must pay in order to purchase the ticket. Colo. Rev. Stat. § 6-1-105(1)(l);

      c.    failing to disclose material information concerning the total price of tickets, which Defendants knew at the time they advertised tickets for sale, in order to induce consumers to enter into a transaction. Colo. Rev. Stat. § 6-1-105(1)(u); and

      d.    knowingly or recklessly engaging in an unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent acts by failing to enforce ticket limits and other measures intended to prevent ticket brokers from buying excess tickets and causing consumers to pay higher prices. Colo. Rev. Stat. § 6-1-105(1)(rrr).

128. When Defendants performed the deceptive trade practices described in the preceding paragraph, they did so in the course of their business, vocation, or occupation.

129. Live Nation Entertainment, Inc. and Ticketmaster, L.L.C., violated the Colorado Consumer Protection Act, and they did so pursuing a joint or common interest. Colo. Rev. Stat. § 6-1-102(6).

# VIOLATIONS OF FLORIDA STATE LAW

## THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

130. Section 501.204(1), Florida Statutes, declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

131. Section 501.203(8), Florida Statutes, defines "trade or commerce" as the "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise; of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity."

132. The provisions of Florida Deceptive and Unfair Trade Practices Act shall be "construed liberally" to promote and "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202, Fla. Stat.

133. Section 501.203(3), Florida Statutes, establishes that a violation of the Florida Deceptive and Unfair Trade Practices Act may be based upon any of the following: (a) any rules promulgated pursuant to the FTC Act; (b) the standards of unfairness and deception set forth and interpreted by the FTC or the federal courts;

or (c) any law, statute, rule, regulation or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

134. The Florida Legislature also expressly provided that when interpreting the Florida Deceptive and Unfair Trade Practices Act, "great weight shall be given to the interpretations of the [FTC] and the federal courts . . ." § 501.204(2), Fla. Stat.

135. A person that willfully engages in a deceptive or unfair act or practice is liable for a civil penalty of Ten Thousand Dollars ($10,000.00) for each such violation, pursuant to Section 501.2075, Florida Statutes, and Fifteen Thousand Dollars ($15,000.00) for each violation victimizing a senior citizen or a person who has a disability. Willful violations occur when the person knew or should have known that the conduct in question was deceptive or unfair or prohibited by rule, pursuant to Section 501.2075, Florida Statutes.

136. The enforcing authority is entitled to reasonable attorney's fees and costs in any litigation where civil penalties are assessed. § 501.2075, Fla. Stat.

**COUNT V**
**Florida Deceptive and Unfair Trade Practices Act Violations**
**(By Plaintiff State of Florida)**

137. Plaintiff Florida re-alleges and incorporates each and every allegation set forth in the preceding paragraphs. In the course of Defendants' trade or commerce, Defendants have committed acts and practices that violate the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes.

Furthermore, pursuant to Section 501.203(3), Florida Statutes, violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), also constitute violations of Florida Deceptive and Unfair Trade Practices Act.

138. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants have represented, directly or indirectly, expressly or by implication, that tickets are available: (a) at or around a specific price; or (b) within a specific price range.

139. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants misrepresent, directly or indirectly, expressly or by implication, the maximum number of tickets that can be purchased for an event by or on behalf of the same person or entity.

140. In numerous instances, Defendants' representations as set forth above have been false or misleading. Defendants' false or misleading representations have affected the people of the State of Florida.

141. Therefore, Defendants' representations constitute deceptive acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act and of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which therefore also violate the Florida Deceptive and Unfair Trade Practices Act.

# VIOLATIONS OF ILLINOIS STATE LAW

## The Illinois Consumer Fraud Act

142. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act provides the following:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August, 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2.

143. Section 7 of the Illinois Consumer Fraud Act provides:

> (a)   Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by the Act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by preliminary or permanent injunction the use of such method, act or practice. The Court, in its discretion, may exercise all powers necessary, including but not limited to: injunction, revocation, forfeiture or suspension of any license, charger, franchise, certificate or other evidence of authority of any person to do business in this State; appointment of a receiver, dissolution of domestic corporations or association

suspension or termination of the right of foreign corporation or associations to do business in this State; and restitution.

(b)   In addition to the remedies provided herein, the Attorney General may request and this Court may impose a civil penalty in a sum not to exceed $50,000 against any person found by the Court to have engaged in any method, act or practice declared unlawful under this Act. In the event the court finds the method, act or practice to have been entered into with the intent to defraud, the court has the authority to impose a civil penalty in a sum not to exceed $50,000 per violation.

(c)   In addition to any other civil penalty provided in this Section, if a person is found by the court to have engaged in any method, act, or practice declared unlawful under this Act, and the violation was committed against a person 65 years of age or older, the court may impose an additional civil penalty not to exceed $10,000 for each violation.

815 ILCS 505/7.

144.   Section 10 of the Illinois Consumer Fraud Act provides, "In any action brought under the provisions of this Act, the Attorney General is entitled to recover costs for the use of this State." 815 ILCS 505/10.

### COUNT VI
### Violations of the Illinois Consumer Fraud Act
### (by Plaintiff State of Illinois)

145.   Plaintiff Illinois re-alleges and incorporates each and every allegation set forth in the preceding paragraphs.

146.   Defendants, in the course of trade or commerce, have in numerous instances engaged in conduct which constitutes unfair and deceptive acts or practices declared unlawful under section 2 of the Consumer Fraud Act, 815 ILCS

505/2, by:

  A. Misrepresenting, directly or indirectly, expressly or by implication, through advertisements, marketing, or promotion for sale with the intent that consumers rely on the misrepresentation that tickets are available at or around a specific price, or within a specific price range when that is not true;

  B. Failing to disclose or adequately disclose to consumers that additional fees apply to live events, thereby suppressing or omitting a material fact with the intent that consumers rely upon that suppression or omission;

  C. Failing to disclose or adequately disclose to Illinois consumers the amount of all applicable fees for live events, thereby suppressing or omitting a material fact with the intent that consumers rely upon that suppression or omission;

  D. Misrepresenting directly or indirectly, expressly or by implication with the intent consumers rely on the misrepresentation, the true cost of live tickets to Illinois consumers; and

  E. Misrepresenting directly or indirectly, expressly or by implication with intent consumers rely on the misrepresentation, the

maximum number of tickets that can be purchased for an event on behalf of the same person or entity.

## VIOLATIONS OF NEBRASKA STATE LAW

147. Plaintiff Nebraska re-alleges and incorporates each and every allegation set forth in the preceding paragraphs.

148. The Nebraska Uniform Deceptive Trade Practices Act specifies multiple acts or practices which, when conducted in the course of business, constitute deceptive trade practices. Neb. Rev. Stat. § 87-302.

149. Under Neb. Rev. Stat. § 303.05:

> (1) Whenever the Attorney General has cause to believe that a person has engaged in or is engaging in any deceptive trade practice or unconscionable act listed in section 87-302 . . . the Attorney General may apply for and obtain, in an action in any district court of this state, a temporary restraining order, or injunction, or both, pursuant to the rules of civil procedure, prohibiting such person from continuing such practices, or engaging therein, or doing any act in furtherance thereof. The court may make such orders or judgments as may be necessary to prevent the use or employment by such person of any such deceptive trade practice, or which may be necessary to restore to any other person any money or real or personal property which may have been acquired by means of any such practice.

150. Under Neb. Rev. Stat. § 303.11:

> (1) Any person who violates section 87-302 . . . or who

willfully violates the terms of an injunction or declaratory judgment of a district court or the terms of a written assurance of voluntary compliance entered into pursuant to the Uniform Deceptive Trade Practices Act shall be subject to a civil penalty of not more than two thousand dollars for each violation. The Attorney General, acting in the name of the state, may seek recovery of such civil penalties in a civil action.

## COUNT VII
### Violations of the Nebraska Uniform Deceptive Trade Practices Act
### (By Plaintiff State of Nebraska)

151. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants have represented, directly or indirectly, expressly or by implication, that tickets are available:

    a. without additional fees;

    b. at or around a specific price; and/or

    c. within a specific price range.

152. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants have represented, directly or indirectly, expressly or by implication, the maximum number of tickets that can be purchased for an event by or on behalf of the same person or entity.

153. In numerous instances, Defendants' representations have been false or misleading.

154. Therefore, Defendants' false or misleading representations constitute

deceptive acts or practices in the course of business in violation of the Nebraska Uniform Deceptive Trade Practices Act. *See* Neb. Rev. Stat. § 87-302(2), (3), (5), (6), (10), (11), and (12).

155. Defendants engaged in the above deceptive acts and practices willfully, knowing them to be deceptive.

156. Defendants' false or misleading representations have affected the people of the State of Nebraska.

157. Each deceptive act or practice as alleged herein constitutes a separate violation of the Nebraska Uniform Deceptive Trade Practices Act.

**VIOLATIONS OF TENNESSEE STATE LAW**

**COUNT VIII**
**Unfair or Deceptive Acts of Practices Under**
**Tennessee Consumer Protection Act**
**(By Plaintiff State of Tennessee)**

158. Plaintiff Tennessee re-alleges and incorporates each and every allegation set forth in the preceding paragraphs.

159. The Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.* prohibits "unfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104.

160. The Tennessee Consumer Protection Act "shall be interpreted and construed consistently with the interpretations given by the Federal Trade Commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade

Commission Act, codified in 15 U.S.C. § 45(a)(1)." Tenn. Code Ann. § 47-18-115.

161. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants misrepresent, directly or indirectly, expressly or by implication, the maximum number of tickets that can be purchased for an event by or on behalf of the same person or entity.

162. In numerous instances, Defendants' representations as set forth above have been false or misleading.

163. Therefore, Defendants' representations, as described above, also constitute a deceptive act or practice in violation of Tenn. Code Ann. § 47-18-104(a) and (b)(27).

## VIOLATIONS OF UTAH STATE LAW

164. The Utah Consumer Sales Practices Act prohibits suppliers from committing "deceptive" acts or practices in connection with a consumer transaction, whether the act occurs before, during, or after the transaction. Utah Code § 13-11-4(1).

165. The Utah Consumer Sales Practices Act further prohibits suppliers from committing "unconscionable" acts or practices in connection with a consumer transaction, whether the act occurs before, during, or after the transaction. *Id.* § 13-11-5(1).

166. Defendants engage in "consumer transaction[s]" by marketing and/or

selling to "person[s]" products and services that are primarily for personal, family, or household purposes, or for purposes that relate to a business opportunity. *Id.* § 13-11-3(2).

167. Defendants are a "supplier" because they regularly solicit, engage in, or enforce consumer transactions regardless of whether they deal directly with consumers. *Id.* § 13-11-3(5).

168. As set forth below, Defendants have violated the Utah Consumer Sales Practices Act by engaging in the acts and practices alleged herein.

## COUNT IX
**Violations of the Utah Consumer Sales Practices Act for Deceptive and Unconscionable Conduct Regarding Ticket Prices**
**(by Plaintiff Utah Division of Consumer Protection)**

169. Plaintiff Utah Division of Consumer Protection re-alleges and incorporates each and every allegation set forth in the preceding paragraphs.

170. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants have represented, directly or indirectly, expressly or by implication, that tickets are available:

    a.    at or around a specific price; or

    b.    within a specific price range.

171. In numerous instances, Defendants' representations as set forth above have been false or misleading.

172. In numerous instances, Defendants knew or had reason to know that

these representations would induce consumers into contracts with oppressive and unfair terms that the consumers would not have otherwise accepted.

173. Therefore, Defendants' representations and actions constitute deceptive acts or practices in violation of the Utah Consumer Sales Practices Act, Utah Code §§ 13-11-4.

174. Further, Defendants' representations and actions constitute unconscionable acts or practices in violation of Section 13-11-5.

## COUNT X
**Violations of the Utah Consumer Sales Practices Act for Deceptive and Unconscionable Conduct Regarding Artists' Ticket Limits
(by Plaintiff Utah Division of Consumer Protection)**

175. Plaintiff Utah Division of Consumer Protection re-alleges and incorporates each and every allegation set forth in the preceding paragraphs.

176. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of tickets, Defendants misrepresent, directly or indirectly, expressly or by implication, the maximum number of tickets that can be purchased for an event by or on behalf of the same person or entity.

177. In numerous instances, Defendants' representations as set forth above have been false or misleading.

178. In numerous instances, Defendants knew or had reason to know that these representations would induce consumers into contracts with oppressive and unfair terms that the consumers would not have otherwise accepted.

179. Therefore, Defendants' representations and actions constitute deceptive acts or practices in violation of the Utah Consumer Sales Practices Act, Utah Code § 13-11-4.

180. Further, Defendant's representations and actions constitute unconscionable acts or practices in violation of Section 13-11-5.

## CIVIL PENALTIES

181. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes this Court to award civil penalties for each violation of the Better Online Ticket Sales Act, 15 U.S.C. § 45c.

182. Defendants violated the Better Online Ticket Sales Act, 15 U.S.C. § 45c, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

183. The Colorado Consumer Protection Act authorizes this Court to award civil penalties in the amount of up to $20,000 per violation or $50,000 for violations committed against an elderly person. Colo. Rev. Stat. § 6-1-112

184. Section 501.2075, Florida Statutes, authorizes this Court to award civil penalties against a person that willfully engages in a deceptive or unfair act or practice in the amount of $10,000 for each violation and Section 501.2077, Florida Statutes, authorizes this Court to award civil penalties in the amount of $15,000.00

for each violation victimizing a senior citizen or a person who has a disability. Willful violations occur when the person knew or should have known that the conduct in question was deceptive or unfair or prohibited by rule, pursuant to Section 501.2075, Florida Statutes.

185. Subsection 815 ILCS 505/7(b) of the Illinois Consumer Fraud Act authorizes this Court to award civil penalties for each deceptive and unfair practice done in violation of the Consumer Fraud Act and an additional penalty of $50,000 for each violation the Court finds that Defendants committed with the intent to defraud.

186. Subsection 815 ILCS 505/7(c) of the Illinois Consumer Fraud Act authorizes this Court to award an additional civil penalty of $10,000 for each violation of the Illinois Consumer Fraud Act found to have been committed against a senior citizen.

187. Neb. Rev. Stat. § 87-303.11(1) authorizes this Court to award civil penalties for each violation of the Nebraska Uniform Deceptive Trade Practices Act.

188. Tenn. Code Ann. § 47-18-108(b)(3) authorizes this Court to award a civil penalty of not more than $1,000 for each violation of the Tennessee Consumer Protection Act.

189. The Utah Consumer Sales Practices Act authorizes this Court to award a fine to the Utah Division of Consumer Protection for Defendants' violation of the

Utah Consumer Sales Practices Act. Utah Code § 13-11-17(1)(e). There is no cap on the amount of fine this Court can award, but it must instead be assessed after considering the factors set forth under Utah Code § 13-11-17(6).

## CONSUMER INJURY

190. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the Better Online Ticket Sales Act, the Colorado Consumer Protection Act, the Florida Deceptive and Unfair Trade Practices Act, the Illinois Consumer Fraud Act, the Illinois Uniform Deceptive Trade Practices Act, the Nebraska Uniform Deceptive Trade Practices Act, the Tennessee Consumer Protection Act, and the Utah Consumer Sales Practices Act. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act, the Better Online Ticket Sales Act, the Colorado Consumer Protection Act, the Florida Deceptive and Unfair Trade Practices Act, the Illinois Consumer Fraud Act, the Illinois Uniform Deceptive Trade Practices Act, the Nebraska Uniform Deceptive Trade Practices Act, the Tennessee Consumer Protection Act, and the Utah Consumer Sales Practices Act;