ELIZABETH C. SCOTT (*pro hac vice*)
escott@ftc.gov
TAYLOR H. ARANA (*pro hac vice*)
tarana@ftc.gov
CLAIRE E.W. STEWART (*pro hac vice*)
cstewart@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5609 (Scott)
Telephone: (312) 960-5639 (Arana)
Telephone: (312) 960-5615 (Stewart)

Local Counsel:
AARON M. SCHUE (CA BAR NO. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>LIVE NATION ENTERTAINMENT, INC.<br>and<br>TICKETMASTER, L.L.C.,<br><br>　　Defendants. | Case No. 2:25-CV-08884<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE** |

## I.   INTRODUCTION

Defendants Live Nation Entertainment, Inc. and Ticketmaster, L.L.C. (collectively "Defendants") request that the Court incorporate by reference or take judicial notice of Ticketmaster's 21-part purchase policy,[1] (ECF-56), one part of which Plaintiffs reference in the complaint (ECF-1 at ¶¶68-69). In their Motion to Dismiss (ECF-55), Defendants quote a different, unrelated part of the purchase policy to refute Plaintiffs' well-pled allegations about Defendants' sale and offer to sell event tickets. But neither the doctrine of incorporation by reference nor judicial notice may be used to short circuit the applicable pleading standards. On a motion to dismiss, Defendants cannot use incorporation by reference to create a defense to well-pled facts, and judicial notice must be limited to matters that are not reasonably subject to dispute.

Because Defendants request incorporation by reference and judicial notice of their former purchase policy based on an impermissible purpose, the Court should deny their request. If the Court takes notice of Defendants' purchase policy attached to the Declaration of Alexandar C.K. Wyman In Support of Defendants'

---

[1] Defendants claim that the purchase policy attached as Exhibit 1 to the Wyman Declaration "has been in effect since January 1, 2021," however Defendants updated the Ticketmaster purchase policy on August 12, 2025. ECF-1 ¶110. So while the purchase policy at Exhibit 1 states that it was in effect for some time beginning on January 1, 2021, it is not currently in effect and has not been for several months.

Motion to Dismiss (ECF-55.1, 55.2), it should limit its consideration of the purchase policy to taking notice of its existence.

## II. BACKGROUND

Plaintiffs' complaint alleges, in part, that Defendants violated the Better Online Ticket Sales Act ("BOTS Act"), 15 U.S.C. § 45c(a)(1)(B), by selling or offering to sell live event tickets with the requisite knowledge of or ability to control their unlawful purchase. ECF-1 ¶¶10, 103. As discussed extensively in Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF-64, the complaint contains detailed allegations in support of each element of the BOTS Act claim. These allegations include that scalpers use hundreds or thousands of Ticketmaster accounts to circumvent Defendants' ticket limit enforcement measures and unlawfully purchase millions of over-limit tickets to high demand events; that Defendants know about or have the ability to control the scalpers' circumvention; and that Defendants nevertheless sell or offer to sell those tickets on the secondary market.

The complaint references and quotes from one part of Defendants' purchase policy (titled "Number of Tickets or 'Ticket Limits'") in two paragraphs of the complaint that describe Defendants' ticket limit enforcement measures. ECF-1 ¶¶68-69. The complaint alleges that Ticketmaster has a purchase policy that contains a part about ticket limits and quotes that part in its entirety. *See id.* Among

other things, this part of the policy prohibits the use of multiple accounts to "circumvent or exceed published ticket limits." *Id.* That is the extent of the Plaintiffs' reference to any part of Defendants' purchase policy.

Based on Plaintiffs' reference to the "ticket limits" part of the purchase policy, Defendants ask the Court to incorporate by reference or take judicial notice of the entire 21-part purchase policy. ECF-56. They do not cite to specific particular portions of the policy they want the Court to take notice of or incorporate, but in their Motion to Dismiss, Defendants mention only one part of the purchase policy, involving an entirely different allegation—that Defendants "sell or offer to sell" event tickets in violation of the BOTS Act. ECF-55 at 19-20. The language Defendants cite states: "If you purchase a resale ticket through our Site, you will be purchasing that ticket from either (a) a reseller who is not an Event Organizer, such as other fans, season ticket holders, or professional resellers, or (b) in limited circumstances, the Event Organizer." *Id.* at 20. Defendants ask the Court to accept first that this statement is true, and then to infer that this statement "confirms" Defendants do not own or possess resale tickets. *Id.* at 19-20. The complaint alleges numerous facts disputing that statement. *See, e.g.,* ECF-1 ¶¶10, 48, 103, 105.

## III. LEGAL STANDARDS

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The only exceptions are judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine. *Id.*

Federal Rule of Evidence 201(b) permits courts to take judicial notice only of facts that are "not subject to reasonable dispute" because they either: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even when a document itself may be subject to judicial notice, not every assertion within that document is automatically noticeable for its truth. As the Ninth Circuit explained in *Khoja*, a court "must consider—and identify—which fact or facts it is noticing from [a document]" because "just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." 899 F. 3d at 999. The Ninth Circuit further warned against using judicial notice to introduce "disputed factual" content at the motion to dismiss stage. *US v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (holding that the court

"may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed.").

Documents "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the documents forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If a document meets that standard, a court may consider it in assessing the sufficiency of a complaint under Rule 12(b)(6). *Id*. Importantly, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts in a well-pleaded complaint." *Khoja,* 899 F. 3d at 1003.

## IV.   ARGUMENT

### A. Defendants Cannot Use Judicial Notice to Dispute Facts

Defendants improperly request that the Court take judicial notice of the purchase policy and find its contents to be true for purposes of considering Defendants' Motion to Dismiss. Courts may not take judicial notice of documents "only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1014. Where a party is seeking judicial notice of facts in a document that are not "beyond dispute," the request for judicial notice should be denied. *See Owino v. Holder*, 771 F.3d 527, 534 n.4 (9th Cir. 2014) (declining to judicially notice disputed facts in an article). Here, Plaintiffs do not dispute that Defendants say what they say in their purchase policy ("If you

purchase a resale ticket . . . , you will be purchasing that ticket from . . . . a reseller . . . or  . . . the Event Organizer."), but Plaintiffs certainly dispute that, as Defendants argue, it "confirms" that Defendants "neither own[] nor possess[]" resale tickets and therefore do not "sell or offer to sell them" under the BOTS Act. Indeed, the complaint contains numerous factual allegations to the contrary (E.g., ECF-1 ¶10, 48, 103, 105), which the Court must accept as true at this stage. To reach the conclusion Defendants urge, the Court would be required not only to disregard the complaint's well-pled allegations, but to make several inferences from the policy language itself. Rule 201 countenances neither.

Defendants offer a string cite of cases where courts have taken judicial notice of terms of service and similar policies from publicly available websites. As this Court has held, however, publicly available websites are subject to judicial notice only "to indicate what was in the public realm at the time, not whether the contents [] are true." *Aether, LLC v. Unt Holdings, OU*, 2022 WL 16554691, at *3 (C.D. Cal. Oct. 31, 2022) (citation omitted) (Frimpong, J.); *see also Plotsker v Envato Pty Ltd.*, 2025 WL 2481422 at *4 (C.D. Cal. Aug. 26, 2025) (Frimpong, J.) (making clear that the Court was only taking judicial notice "for *the fact that [the webpages] existed on their respective dates of capture*" (emphasis in original)). In other words, the general proposition that publicly available terms of service can be subject to judicial notice does not support Defendants' specific request that the

Court accept the policy's statements as true. *Khoja*, 899 F.3d at 1001 (holding that, although a document may be "generally susceptible to judicial notice," it should not be admitted when "there is a reasonable dispute as to what [it] establishes"); *see also Gray v. Luxottica of Am., Inc.*, 2024 WL 5689566, at *1 (C.D. Cal. Dec. 16, 2024) (declining to take judicial notice of defendant's privacy policy because it was "offered to advance an affirmative defense of consent, [which] would impermissibly contradict numerous facts pleaded in the Complaint"). If the Court is inclined to take notice of the existence of the purchase policy, it should "decline[] to consider the truth of the [policy]." *SEC v. Left*, WL 2684201, at *9 (C.D. Cal. Apr. 22, 2025) and limit its notice to the policy's existence.

### B. Defendants Cannot Use Incorporation By Reference to Dispute Facts

Defendants also try to use the incorporation by reference doctrine to ask the Court to accept disputed facts as true, and the Court should likewise reject this attempt. First, a document may be incorporated by reference only if "the plaintiff refers extensively to the document or the document forms the basis for the plaintiff's claim." *Ritchie*, 342 F.3d at 907. Here, Plaintiffs do not cite the purchase policy extensively, as it is only mentioned in two paragraphs. Defendants seize on this to seek incorporation by reference of the remaining 20 subparts, which the complaint does not mention. Even if this were enough to warrant incorporation by reference, as discussed above, Defendants are improperly urging the Court to

review the policy to dispute the complaint's allegations, and in doing so ask the Court to accept the truth of the statements in the evidence. ECF-55 at 19-20. The Ninth Circuit has explicitly held that the incorporation-by-reference doctrine does not allow incorporation of a document that "merely creates a defense to the well-pled allegations in the complaint" or to "short circuit the resolution of a well-pleaded claim." *Khoja*, 899 F. 3d at 1002-03. Even when a document is incorporated by reference, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts in a well-pleaded complaint." *Id.*; *see also Cement Masons & Plasterers Loc. No. 502 Pension Fund v. InMode Ltd.*, 2025 WL 2658224, at *8 (C.D. Cal. Sept. 12, 2025) (Frimpong, J.) (same). As discussed above, that is exactly what Defendants are asking the Court to do, and the Court should deny their request for this reason. *See SEC v. Left*, WL 2684201, at *6 (C.D. Cal. Apr. 22, 2025) (declining to consider a document where "such consideration would require inappropriately weighing Defendant's competing inference against Plaintiff's pleaded allegations.").

**V.     CONCLUSION**

For the reasons described above, the Court should deny Defendants' Request For Judicial Notice and Incorporation of Documents by Reference in Support of Defendants' Motion to Dismiss Complaint because Defendants' request exceeds the proper scope of both doctrines. In the alternative, to the extent the Court takes

notice of the purchase policy or deems it incorporated by reference, its consideration of the document should be limited to the existence of the purchase policy attached to the Wyman Declaration (ECF-55.2), and not extend to the truth of any fact therein.

Dated:  January 20, 2026

Respectfully Submitted,

By: /s/Elizabeth C. Scott
ELIZABETH C. SCOTT (*pro hac vice*)
escott@ftc.gov
TAYLOR H. ARANA (*pro hac vice*)
tarana@ftc.gov
CLAIRE E.W. STEWART (*pro hac vice*)
cstewart@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5609 (Scott)
Telephone: (312) 960-5639 (Arana)
Telephone: (312) 960-5615 (Stewart)

AARON M. SCHUE (CA BAR NO. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

*Counsel for Plaintiff*
*Federal Trade Commission*

1  /s/*Brady J. Grassmeyer*
2  Brady J. Grassmeyer (*pro hac vice*)
   Brady.Grassmeyer@coag.gov
3  Senior Assistant Attorney General
4  1300 Broadway, 10th Floor
   Denver, CO 80203
5  Telephone: (720) 508-6263
6
7  *Attorney for the Colorado Attorney General*
8  /s/ *Donna Cecilia Valin*
9  Donna Valin, Special Counsel, Assistant Attorney General (*pro hac vice*)
10 Donna.valin@myfloridalegal.com
   Consumer Protection Division
11 135 West Central Blvd.
12 Orlando, FL 32801
13 Telephone: (407) 316-4840
   Fax: (407) 245-0365
14
15 *Attorney for the State of Florida*
16 /s/ *Alexandra A. Golota*
17 ALEXANDRA A. GOLOTA (*pro hac vice*)
18 alexandra.golota@ilag.gov
   WILTON A. PERSON (*pro hac vice*)
19 Wilton.Person@ilag.gov
20 Office of the Illinois Attorney General
21 Consumer Fraud Bureau
   115 S. LaSalle Street, 26th Floor
22 Chicago, Illinois 60603
23 Telephone:   (872) 272-0794 (Golota)
24              (224) 252-6458 (Person)
25
26 *Attorneys for the State of Illinois*
27
28

/s/ *Benjamin J. Swanson*
Benjamin J. Swanson (*pro hac vice*)
benjamin.swanson@nebraska.gov
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
Telephone: (402) 471-7759

*Attorney for the State of Nebraska*

/s/ *Kelley L. Groover*
KELLEY GROOVER, Sr. Assistant Attorney General/Managing Attorney (*pro hac vice*)
Kelley.Groover@ag.tn.gov

KRISTINE KNOWLES, Assistant Attorney General (*pro hac vice*)
Kristine.Knowles@ag.tn.gov
OFFICE OF THE TENNESSEE ATTORNEY GENERAL
Public Protection Section
Consumer Protection Division
UBS Tower, 20th Floor
315 Deaderick Street
Nashville, Tennessee 37243
Telephone: (615) 741-1671
Fax: (615) 532-2910
*Attorneys for the State of Tennessee*

/s/ *Stevenson Smith*
Stevenson Smith (*pro hac vice*), Assistant Attorney General
scsmith@agutah.gov
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, UT 84114
Telephone: (801) 366-0310

*Attorneys for the State of Utah and the Utah Division of Consumer Protection*

/s/ *Chandler P. Crenshaw*
CHANDLER P. CRENSHAW (*pro hac vice*)
Assistant Attorney General and Unit Manager
CCrenshaw@oag.state.va.us
Assistant Attorney General and Unit Manager
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone:  (804) 786-2071
Fax:           (804) 786-0122

*Attorney for Plaintiff Commonwealth of Virginia*