**LATHAM & WATKINS LLP**
Michael H. Rubin (Bar No. 214636)
  michael.rubin@lw.com
Scott D. Joiner (Bar No. 223313)
  scott.joiner@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600

Alexander C.K. Wyman (Bar No. 295339)
  alex.wyman@lw.com
Will Schildknecht (Bar No. 348372)
  will.schildknecht@lw.com
Max A. Shapiro (Bar No. 334929)
  max.shapiro@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500

**SIDLEY AUSTIN LLP**
Benjamin M. Mundel (*pro hac vice forthcoming*)
  bmundel@sidley.com
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000

Attorneys for Defendants
Live Nation Entertainment, Inc. and Ticketmaster L.L.C.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION; ATTORNEY GENERAL OF COLORADO; OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS; THE PEOPLE OF THE STATE OF ILLINOIS; STATE OF NEBRASKA; STATE OF TENNESSEE; STATE OF UTAH; UTAH DIVISION OF CONSUMER PROTECTION; COMMONWEALTH OF VIRGINIA, <br><br> Plaintiffs, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C., <br><br> Defendants. | Case No. 2:25-cv-08884-MEMF-MAA <br><br> **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** <br><br> Date: February 19, 2026 <br> Time: 10:00 a.m. <br> Place: Courtroom 8B <br><br> Hon. Maame Ewusi-Mensah Frimpong |

## I. Introduction

Ticketmaster's Purchase Policy[1] is incorporated by reference into the Complaint because it is integral to Plaintiffs' claim under the Better Online Ticket Sales Act ("BOTS Act"), 15 U.S.C. § 45c. The Purchase Policy must be incorporated in full because the incorporation by reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). And this Court "may assume that [the Purchase Policy's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

At a minimum, the Court should take notice of the Purchase Policy under Federal Rule of Evidence 201(b) as "an indication of what information was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## II. Ticketmaster's Purchase Policy Is Incorporated By Reference Into The Complaint Because It Is Integral To Plaintiffs' BOTS Act Claim

Plaintiffs' argument that the Purchase Policy should not be incorporated by reference because "Plaintiffs do not cite the purchase policy extensively," RJN Opp. at 8, is puzzling. "[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document." *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019). Indeed, Plaintiffs acknowledge that a document can be incorporated by reference "if the plaintiff refers extensively to the document *or the document forms the basis of the plaintiff's claim*." *Id.* at 5 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added)). Plaintiffs do not even try to address the second, independent, ground for incorporation by reference.

---

[1] Ticketmaster's Purchase Policy was attached as Exhibit 1 to the Declaration of Alexander C.K. Wyman, filed concurrently with the Request For Judicial Notice And Incorporation Of Documents By Reference, ECF-56.

Here, the Purchase Policy forms the basis of Plaintiffs' claim under the BOTS Act. Plaintiffs do not dispute that their BOTS Act claim requires a showing that Defendants "circumvent[ed] a security measure, access control system, or other technological control or measure . . . used by the ticket issuer to enforce posted event ticket limits or to maintain the integrity of posted online ticket purchasing order rules." Compl. ¶ 119 (citing 15 U.S.C. § 45c(a)(1)(A)). Plaintiffs also contend that Ticketmaster's Purchase Policy was one of its "security measures and controls" that "prohibited users both from purchasing tickets in excess of posted per-event ticket limits, and from using multiple Ticketmaster user accounts to buy tickets in excess of those limits." *Id.* ¶¶ 68-69. The Purchase Policy is therefore integral to Plaintiffs' claim under the BOTS Act, and is incorporated by reference into the Complaint.

## III. The Purchase Policy Is Incorporated By Reference In Full And Its Contents Are True For Purposes Of Ticketmaster's Motion To Dismiss

Plaintiffs contend that the Purchase Policy "is only mentioned in two paragraphs" of their Complaint and profess that "Defendants seize on this to seek incorporation by reference of the remaining 20 subparts, which the complaint does not mention." RJN Opp. at 8. But the purpose of incorporation by reference is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Plaintiffs cannot cherry-pick portions of the Purchase Policy that allegedly support their BOTS Act claim while omitting other portions.

As for the Purchase Policy's content, the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. By incorporating the Purchase Policy, the Court can assume that it is true that the policy provides the following notice to Ticketmaster customers:

> If you purchase a resale ticket through our Site, you will be purchasing that ticket from either (a) a reseller who is

not an Event Organizer, such as other fans, season ticket holders, or professional resellers, or (b) in limited circumstances, the Event Organizer.

Plaintiffs "do not dispute that Defendants say what they say in their purchase policy," but they claim to nevertheless "dispute that, as Defendants argue, it 'confirms' that Defendants 'neither own[] nor possess[]' resale tickets and therefore do not 'sell or offer to sell them' under the BOTS Act." RJN Opp. at 7. But this is a purely legal dispute—i.e., whether Ticketmaster "sell[s] or offer[s] to sell" tickets for the purposes of the BOTS Act—not a factual one. Plaintiffs do not dispute that resale tickets are purchased from "resellers" or "Event Organizers," nor can they.[2] Plaintiffs therefore do not dispute the *facts* in the Purchase Policy. The Court can therefore assume the Purchase Policy's content to be true for purposes of Ticketmaster's motion to dismiss.

### IV. Ticketmaster's Purchase Policy Is Subject To Judicial Notice Because It Is Part Of The Public Record And Is Not Subject To Reasonable Dispute

Alternatively, the Court should, at a minimum, take judicial notice of the contents of Ticketmaster's privacy policy as "an indication of what information was in the public realm at the time." *Von Saher*, 592 F.3d at 960. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201(b)). Here, "Plaintiffs do not dispute that Defendants say what they say in their purchase policy." RJN Opp. at 6. And as explained above, contrary to Plaintiffs' contention, there is no dispute here regarding the *facts* in the Purchase Policy cited in Ticketmaster's Motion to Dismiss. The policy is therefore subject to judicial notice.

---

[2] Plaintiffs argue that "the complaint contains numerous factual allegations to the contrary (E.g., ECF-1 ¶10, 48, 103, 105)," RNJ Opp. at 7, but none of the cited portions of the Complaint allege that resale tickets come from a party not mentioned in the Purchase Policy. *See* Compl. ¶10 (no allegations disputing the Purchase Policy's statement that resale tickets come from resellers or event organizers); *id.* ¶48 (same); *id.* ¶103 (same); *id.* ¶105 (same).

*See Pica v. Delta Air Lines, Inc.*, 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) (taking judicial notice of Delta's "Privacy Policy as matters of public record outside the pleadings that are not subject to reasonable dispute" (citation and internal quotation marks omitted))

## V.   Conclusion

For the foregoing reasons, Defendants request that this Court find that Exhibit 1 to the Declaration of Alexander C.K. Wyman is incorporated by reference into Plaintiffs' Complaint. Alternatively, Defendants request that the Court take judicial notice of Exhibit 1.

Dated: January 27, 2026                     Respectfully submitted,

                                                               LATHAM & WATKINS LLP
                                                                 Michael H. Rubin
                                                                 Scott D. Joiner
                                                                 Alexander C.K. Wyman
                                                                 Will Schildknecht
                                                                 Max A. Shapiro

                                                               SIDLEY AUSTIN LLP
                                                                 Benjamin M. Mundel

                                                              By */s/ Michael H. Rubin*
                                                                Michael H. Rubin

                                                               Attorneys for Defendants
                                                               Live Nation Entertainment, Inc. and
                                                              Ticketmaster L.L.C.