**LOCAL COUNSEL**

James M. Donovan (Cal. Bar No. 64756)
*jmdonovan@thedonovanoffices.com*
Michael J. Glenn (Cal. Bar No. 89654)
*mglenn@thedonovanoffices.com*

915 Wilshire Boulevard, Suite 1610
Los Angeles, CA 90017
Telephone: (213) 629-4861

**TORRIDON LAW PLLC**

Michael A. Fragoso*
*mfragoso@torridonlaw.com*
T. Zachary Horton*
*tzhorton@torridonlaw.com*
Peter Lee Hamilton*
*phamilton@torridonlaw.com*

801 17th Street NW, Suite 1100
Washington, DC 20006
Telephone: (202) 249-6900

*Pro hac vice forthcoming*

Attorneys for Amici Curiae
SENATORS MARSHA BLACKBURN, RICHARD BLUMENTHAL, JOHN CORNYN, JOSH HAWLEY, JOHN KENNEDY, BEN RAY LUJÁN, AND BERNIE MORENO

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**LIVE NATION ENTERTAINMENT, INC.**, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:25-cv-08884-MEMF-MAA<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF AMICI CURIAE SENATOR MARSHA BLACKBURN, ET AL. FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF THE FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>NO HEARING NOTICED<br><br>Courtroom 8B, Hon. Maame Ewusi-Mensah Frimpong |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Movants United States Senators Marsha Blackburn, Richard Blumenthal, John Cornyn, Josh Hawley, John Kennedy, Ben Ray Luján, and Bernie Moreno respectfully move this Court for leave to file an amicus curiae brief, attached hereto as <u>Exhibit 1</u>, in support of the Plaintiff, the Federal Trade Commission ("FTC"), in opposing the Defendants' Motion to Dismiss, *see* ECF No. 55 ("Defs. Mot."); ECF No. 64 ("FTC Opp."). Pursuant to Local Rule 7-15, Movants believe that this Motion for Leave can be decided without a hearing and thus waive their right to oral argument.

Pursuant to Local Rule 7-3, the undersigned Counsel has met and conferred with the parties to seek consent for the filing of this Motion and accompanying proposed amicus brief. All Plaintiffs have consented to this Motion. The Defendants indicated that they do not oppose this Motion.

## LEGAL STANDARD

District courts have "broad discretion" respecting amici curiae. *Stross v. Glass Homes, Inc.*, No. 2:21-cv-06436, 2022 WL 21310031, at *1 (C.D. Cal. Apr. 4, 2022) (Frimpong, J.) (quotation omitted). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *Id.* (quoting *WildEarth Guardians v. Haaland*, No. 2:19-cv-09473, 2021 WL 4263831, at *10 (C.D. Cal. Sept. 20, 2021) (cleaned up)). "Courts have granted amicus status 'when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)).

When the "matter is one of public interest," or when it requires the court to construe a statute, public servants are ordinarily granted leave to file as amici. *Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (granting legislators leave to file as amici); *see also, e.g.*, *United States v. City of Columbus, Ohio*, No. 2:99-cv-1097, 2000 WL 1745293, at *1 (S.D. Ohio Nov. 20, 2000) (granting motion for leave to participate as amici curiae filed on behalf of 14 United States Representatives because the case involved "matters of great public interest and concern" and even though "not all the movant members of Congress occupied such positions at the time the statute was promulgated"); *Int'l*

*Swaps & Derivatives Ass'n v. U.S. Commodity Futures Trading Comm'n*, 887 F. Supp. 2d 259, 282–83 (D.D.C. 2012) (granting leave for "two amicus curiae briefs from members of Congress that were involved in the development of the Dodd–Frank Act" and "consider[ing] amici's interpretations of both the legislative history and statutory text"); *Wilderness Soc'y v. Trump*, No. 1:17-cv-02587, 2019 WL 11556601, at *3 (D.D.C. Mar. 20, 2019) (granting leave to Members of Congress "because their proposed submissions speak to the limited issue" before the court on a motion to dismiss).

Recognizing the value that amici briefs can provide, this Court has found it "'preferable to err on the side of' permitting such [amicus] briefs." *Stross*, 2022 WL 21310031, at *1 (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002)). "If an amicus brief that turns out to be unhelpful is filed, the [Court] ... can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *Id.* (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002)).

## IDENTITY AND INTEREST OF *AMICI CURIAE*

Movant United States Senator Marsha Blackburn represents the State of Tennessee, which, as home to Nashville (nicknamed "Music City") and a vibrant creative economy, is uniquely susceptible to the harms of predatory ticket-scalping practices. As the lead Republican sponsor in the United States House of Representatives and a primary architect of the Better On-line Ticket Sales Act of 2014, H.R. 708, 114th Cong. (2015), as well as the Better On-line Ticket Sales Act of 2016, H.R. 5104, 114th Cong. (2015–2016), Senator Blackburn was one of the leading voices in the House supporting the passage of the Senate-driven legislation, S. 3183, 114th Cong. (2015–2016), that ultimately became the Better Online Ticket Sales Act of 2016 (the "BOTS Act"), 15 U.S.C. § 45c. Given her constituency and her significant involvement in the drafting and passage of the BOTS Act, Senator Blackburn possesses unique insights on both the legislative history of the statute and the impact of predatory ticketing pricing on ordinary consumers, and she has a strong interest in the Act's proper interpretation and robust enforcement.

Senators Richard Blumenthal, John Cornyn, Josh Hawley, John Kennedy, Ben Ray Luján, and Bernie Moreno share Senator Blackburn's interest in the Act's interpretation and enforcement. Movant Senators have a legislative mandate to protect American consumers and the integrity of the

interstate live-entertainment marketplace. Movants actively support or helped design, draft, and pass the BOTS Act to prohibit conduct like that alleged of Defendants (collectively, "Ticketmaster") here.[1] Like Senator Blackburn, Senator Ben Ray Luján voted in favor of the BOTS Act while serving in the House of Representatives. Meanwhile, in the upper chamber, Senator Blumenthal co-sponsored the Senate version of the BOTS Act, and Senator Cornyn voted to pass the Senate version of the Act into law. Senators Kennedy, Hawley, and Moreno all currently serve as legislators representing constituents who are directly affected by Ticketmaster's conduct. Accordingly, Movant Senators all have a strong interest in the proper interpretation and application of the law, as well as a unique understanding of the legislative history that informs and supports that interpretation.

## REASON TO GRANT LEAVE TO FILE

Movant Senators' proposed amicus brief, *see* Exhibit 1 ("Prop. Br."), would aid this Court's disposition of Ticketmaster's Motion to Dismiss, *see generally* Defs. Mot. The proposed brief offers the Senators' unique legislative perspectives on the interpretation and enforcement of the BOTS Act, both according to its plain text and in light of its relevant legislative history. The brief responds directly to Ticketmaster's assertions about the legislative intent behind the BOTS Act, which the Senators—having drafted and passed into law—are uniquely positioned to expound. The Motion for Leave should be granted.

In relevant part, Ticketmaster moves to dismiss the FTC's Complaint, ECF No. 1 for failure to state a claim under the BOTS Act. Ticketmaster asserts (1) that it does not "sell or offer to sell" resale tickets within the meaning of the Act, and (2) that ticket scalpers cannot "circumvent" Ticketmaster's "technological controls" within the meaning of the Act if Ticketmaster allegedly "allowed" them to do so. *See* Defs. Mot. at 17–23. The proposed amicus brief explains that the BOTS Act's plain text, which Movants drafted and passed, clearly applies to ticket platforms like Ticketmaster that knowingly enable ticket scalpers. *See* Prop. Br." at [3–4]. The proposed brief rebuts Ticketmaster's contrived

---

[1] Neither Senator Moreno nor Senator Hawley were in office in 2016. Accordingly, they were not involved in the drafting and passage of the BOTS Act. However, they share their colleagues' consumer-protection mandate as fellow legislators, and they likewise have an interest in the law's proper interpretation and enforcement.

assertion that the BOTS Act was passed "To Protect *Platforms* From Bad Actors." Defs. Mot. at 15–16 (emphasis added); *see* Prop. Br. at [11–15] (explaining that Congress passed the BOTS Act to protect American *consumers*, not platforms). And it explains the harmful effects that Ticketmaster's constrictive reading would have on ordinary consumers. *See* Prop. Br. at [15–17]. Because the proposed brief offers "useful" arguments and provides "unique information" and legislative "perspective" on the meaning and application of the BOTS Act, the motion for leave to file should be granted. *See Stross*, 2022 WL 21310031, at *1.

The Motion for Leave should also be granted because this case involves "matters of great public interest and concern." *City of Columbus*, 2000 WL 1745293, at *1; *see also Miracle*, 333 F.R.D. at 156 (similar). Just yesterday, the Senate Subcommittee on Consumer Protection, Technology, and Data Privacy of the Committee on Commerce, Science, and Transportation held a widely publicized hearing to "discuss live performance ticket sale practices" and "fees charged by primary and secondary sellers." *See* Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, Ins., & Data Sec. of the S. Comm. on Com., Sci., & Transp., *Fees Rolled on All Summer Long: Examining the Live Entertainment Industry* (Jan. 28, 2026) ("Subcomm. Hearing") (recording available at tinyurl.com/FeesRolled); *see also, e.g.*, Taijuan Moorman, *Kid Rock, Live Nation Exec to Testify about Ticketmaster Pricing*, USA Today (Jan. 22, 2026) (available at tinyurl.com/SenHrgCovg) (news coverage publicizing the hearing). The discussion featured high-profile witnesses like Ticketmaster's General Counsel, Dan Wall, and Robert Richie ("Kid Rock"), among others, and it touched repeatedly on this very case. *See* Subcomm. Hearing at [20:43, 53:10, 1:14:10, 1:52:23]. Responding to Movant Senator Blackburn, for instance, Kid Rock criticized Ticketmaster's triple dip fees collected whenever the company sells scalped tickets—a fact alleged in the FTC's Complaint, ECF No. 1 at ¶¶ 16, 77. *See* Subcomm. Hearing at [33:53]. The hearing's lively discussion plainly demonstrates the intense "public interest" in live-event ticket pricing and the enforcement of the BOTS Act against platforms like Ticketmaster. *Miracle*, 333 F.R.D. at 156. For this reason, too, the Motion for Leave to File the proposed brief should be granted. *See id.*

## **CONCLUSION**

For the foregoing reasons, Movant Senators respectfully request this Court's leave to appear as amici curiae and deem the proposed amicus brief filed.

Dated: January 30, 2026

Respectfully submitted,

*/s/ James Donovan*

| | |
|---|---|
| Michael A. Fragoso* | James M. Donovan (SBN 64756) |
| T. Zachary Horton* | Michael J. Glenn (SBN 89654) |
| Peter Lee Hamilton* | **LAW OFFICES OF JAMES M.** |
| **TORRIDON LAW PLLC** | **DONOVAN** |
| 801 17th Street NW, Suite 1100 | 915 Wilshire Boulevard, Suite 1610 |
| Washington, DC 20006 | Los Angeles, CA 90017 |
| Telephone: (202) 249-6900 | Telephone: (213) 629-4861 |
| mfragoso@torridonlaw.com | *jmdonovan@thedonovanoffices.com* |
| tzhorton@torridonlaw.com | *mglenn@thedonovanoffices.com* |
| phamilton@torridonlaw.com | |

*\*Pro hac vice forthcoming*

**Attorneys for Amici Curiae**

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Movants Senator Marsha Blackburn, Senator Richard Blumenthal, Senator John Cornyn, Senator John Kennedy, Senator Josh Hawley, Senator Ben Ray Luján, and Senator Bernie Moreno certifies that this document contains 1,596 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 30, 2026

*/s/ James Donovan*
James M. Donovan (SBN 64756)

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January 2026, I electronically filed the foregoing motion for leave to file together with the accompanying *amicus curiae* brief, with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Notice of this filing will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James Donovan*
James M. Donovan (SBN 64756)