ELIZABETH C. SCOTT (*pro hac vice*)
escott@ftc.gov
TAYLOR H. ARANA (*pro hac vice*)
tarana@ftc.gov
CLAIRE E.W. STEWART (*pro hac vice*)
cstewart@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5609 (Scott)
Telephone: (312) 960-5639 (Arana)
Telephone: (312) 960-5615 (Stewart)

Local Counsel:
AARON M. SCHUE (CA BAR NO. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER, L.L.C., <br><br> Defendants. | Case No. 2:25-CV-08884 <br><br> **NOTICE OF MOTION AND PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, CIVIL PENALTIES, AND OTHER RELIEF** <br><br> **NO HEARING NOTICED** <br> **HON. MAAME EWUSI-MENSAH FRIMPONG** |

## **NOTICE OF MOTION**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-10, Movants the Federal Trade Commission ("FTC"); Attorney General of Colorado; Office of the Attorney General, State of Florida, Department of Legal Affairs; the People of the State of Illinois; the State of Nebraska; the State of Tennessee by and through its Attorney General and Reporter; the Attorney General of the State of Utah, and the Utah Division of Consumer Protection; and the Commonwealth of Virginia, by, through, and at the relation of its Attorney General (collectively, "Plaintiffs"), respectfully move this Court for leave to file a sur-reply in opposition to Defendants' motion to dismiss (ECF-55). The proposed sur-reply is attached hereto as Exhibit A. Pursuant to Local Rule 7-15, Movants believe that this Motion for Leave can be decided without a hearing and thus waive their right to oral argument. Pursuant to Local Rule 7-3, the undersigned counsel met and conferred with counsel for Defendants via telephone on February 2, 2026, to seek consent for the filing of this Motion and accompanying sur-reply. Defendants indicated that they oppose this Motion because they do not agree that the three arguments addressed in the proposed sur-reply are arguments raised for the first time in their reply.

## LEGAL STANDARD

A sur-reply is not filed as of right, but "[t]he district court has inherent authority to permit one where justice so requires." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). A new argument in a reply brief is a valid reason for such additional briefing. *See Stefan Karle v. The Rag Place, Inc.*, 2025 WL 3050155 at *1 (C.D. Cal. Apr. 17, 2025) (citation omitted) (finding "it would be improper to give weight to any arguments or evidence that were not advanced in Plaintiff's opening motion without providing Defendants the opportunity to respond"); *Provenz,* 102 F.3d at 1483. Courts also may grant leave to file a sur-reply "to give a more complete picture of the issues in need of resolution." *Stefan Karle*, 2025 WL 3050155 at *1 (citation omitted).

## ARGUMENT

Plaintiffs seek leave to file the attached five-and-a-half page sur-reply, which responds to three specific arguments made by Defendants for the first time in their reply in support of their motion to dismiss. Because Defendants did not make these arguments in their opening memorandum in support of their motion to dismiss, the Court should grant Plainitffs' motion for leave and consider the responsive arguments in the attached sur-reply.[1]

---

[1] If the Court does not grant the instant motion, it should decline to consider Defendants' new arguments raised for the first time in their reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

      First, Defendants newly argue that the Court should adopt the outlier interpretation of Section 13(b) of the FTC Act held by the Third Circuit in *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019), a case Defendants did not mention in their motion to dismiss. ECF-55 at 27-28. Instead, in their opening memorandum, Defendants acknowledge the Ninth Circuit's binding precedent on this issue, *FTC v. Evans Prods. Co.*, 775 F.2d 1084 (9th Cir. 1985) (holding Section 13(b) may be used to remedy violations that are ongoing or "likely to recur"). ECF-55 at 28. Defendants now urge the Court to follow *Shire* anyway, arguing that courts have "repeatedly recognized" that the plain language of Section 13(b) "unambiguous[ly]" limits the FTC to remedying "impending" or "imminent" law violations, not violations that are "likely to recur." This not what Defendants argued in their opening memorandum. *Contrast* ECF-55 at 27-28 (citing *Evans* and *FTC QYK Brands LLC*, 2024 WL 1526741, at *3 (9th Cir. Apr. 9, 2024) for the Ninth Circuit's standard for what Section 13(b) requires) *with* ECF-70 at 19-21. Because this argument and the discussion of *Shire* are entirely new on reply, Plaintiffs should have an opportunity to respond.

      Second, in arguing that their representations regarding ticket limits are not deceptive (ECF-70 at 25-26), Defendants make a new argument based on a

---

2007); *Insight Psych. and Addiction, Inc. v. City of Costa Mesa*, 801 F. Supp.3d 942, 946 n.5 (C.D. Cal. 2025) (Frimpong, J.).

mischaracterization of the complaint's allegations in Count II. The complaint alleges that Defendants misrepresent "the maximum number of tickets that can be purchased for an event by or on behalf of the same person or entity." ECF-1 ¶ 116. Defendants claim that it alleges they misrepresent "the number of tickets individual accounts can purchase." ECF-70 at 25. They did not make this argument in their opening memorandum. *Contrast* ECF-55 at 29-30 *with* ECF-70 at 25-26. Plaintiffs should have an opportunity to respond to this new, albeit inaccurate, argument.

      Third, Defendants implausibly claim for the first time in their reply that the complaint does not allege that Ticketmaster has the ability to control or directly participates in scalpers' conduct and go on to respond to those allegations. ECF-70 at 18. In their opening memorandum, Defendants did not address this prong of Count III whatsoever.

# **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs leave to file the attached proposed sur-reply.

Dated: February 9, 2026

Respectfully Submitted,

By: /s/Elizabeth C. Scott
ELIZABETH C. SCOTT (*pro hac vice*)
escott@ftc.gov
TAYLOR H. ARANA (*pro hac vice*)
tarana@ftc.gov
CLAIRE E.W. STEWART (*pro hac vice*)
cstewart@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5609 (Scott)
Telephone: (312) 960-5639 (Arana)
Telephone: (312) 960-5615 (Stewart)

AARON M. SCHUE (CA BAR NO. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

*Counsel for Plaintiff*
*Federal Trade Commission*

/s/*Brady J. Grassmeyer*
Brady J. Grassmeyer (*pro hac vice*)
Brady.Grassmeyer@coag.gov
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6263

*Attorney for the Colorado Attorney General*

/s/ *Donna Cecilia Valin*
Donna Valin, Special Counsel, Assistant Attorney General (*pro hac vice*)
Donna.valin@myfloridalegal.com
Consumer Protection Division
135 West Central Blvd.
Orlando, FL 32801
Telephone: (407) 316-4840
Fax: (407) 245-0365

*Attorney for the State of Florida*

/s/ *Alexandra A. Golota*
ALEXANDRA A. GOLOTA (*pro hac vice*)
alexandra.golota@ilag.gov
WILTON A. PERSON (*pro hac vice*)
Wilton.Person@ilag.gov
 Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street, 26th Floor
Chicago, Illinois 60603
Telephone:   (872) 272-0794 (Golota)
              (224) 252-6458 (Person)

*Attorneys for the State of Illinois*

/s/ *Benjamin J. Swanson*
Benjamin J. Swanson (*pro hac vice*)
benjamin.swanson@nebraska.gov
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
Telephone: (402) 471-7759

*Attorney for the State of Nebraska*

/s/ *Kelley L. Groover*
KELLEY GROOVER, Sr. Assistant Attorney General/Managing Attorney (*pro hac vice*)
Kelley.Groover@ag.tn.gov

KRISTINE KNOWLES, Assistant Attorney General (*pro hac vice*)
Kristine.Knowles@ag.tn.gov
OFFICE OF THE TENNESSEE ATTORNEY GENERAL
Public Protection Section
Consumer Protection Division
UBS Tower, 20th Floor
315 Deaderick Street
Nashville, Tennessee 37243
Telephone: (615) 741-1671
Fax: (615) 532-2910

*Attorneys for the State of Tennessee*

| | |
|---|---|
| 1 | /s/ *Stevenson Smith* |
| 2 | Stevenson Smith (*pro hac vice*), Assistant Attorney General |
|   | scsmith@agutah.gov |
| 3 | Utah Attorney General's Office |
| 4 | 160 East 300 South, Fifth Floor |
| 5 | Salt Lake City, UT 84114 |
|   | Telephone: (801) 366-0310 |
| 6 | |
| 7 | *Attorneys for the State of Utah and the Utah Division of Consumer Protection* |
| 8 | |
|   | /s/ *Chandler P. Crenshaw* |
| 9 | CHANDLER P. CRENSHAW (*pro hac vice*) |
| 10 | Assistant Attorney General and Unit Manager |
|   | CCrenshaw@oag.state.va.us |
| 11 | Assistant Attorney General and Unit Manager |
| 12 | Office of the Attorney General of Virginia |
|   | 202 North 9th Street |
| 13 | Richmond, Virginia 23219 |
| 14 | Telephone: (804) 786-2071 |
|   | Fax:         (804) 786-0122 |
| 15 | |
| 16 | *Attorney for Plaintiff Commonwealth of Virginia* |