1

2

**LATHAM & WATKINS LLP**
  Michael H. Rubin (Bar No. 214636)
    *michael.rubin@lw.com*
  Scott D. Joiner (Bar No. 223313)
    *scott.joiner@lw.com*
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111-6538
  Telephone: (415) 391-0600

  Alexander C.K. Wyman (Bar No. 295339)
    *alex.wyman@lw.com*
  Will Schildknecht (Bar No. 348372)
    *will.schildknecht@lw.com*
  Max A. Shapiro (Bar No. 334929)
    *max.shapiro@lw.com*
  10250 Constellation Blvd., Suite 1100
  Los Angeles, CA 90067
  Telephone: (424) 653-5500

**SIDLEY AUSTIN LLP**
  Benjamin M. Mundel (*pro hac vice forthcoming*)
    *bmundel@sidley.com*
  1501 K Street, N.W.
  Washington, DC 20005
  Telephone: (202) 736-8000

Attorneys for Defendants
Live Nation Entertainment, Inc. and Ticketmaster
L.L.C.

3

4

5

6

7

8

9

10

11

12

13

14

15

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| FEDERAL TRADE COMMISSION; ATTORNEY GENERAL OF COLORADO; OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS; THE PEOPLE OF THE STATE OF ILLINOIS; STATE OF NEBRASKA; STATE OF TENNESSEE; STATE OF UTAH; UTAH DIVISION OF CONSUMER PROTECTION; COMMONWEALTH OF VIRGINIA,<br><br>              Plaintiffs,<br><br>     v.<br><br>LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C.,<br><br>              Defendants. | Case No. 2:25-cv-08884-MEMF-MAA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>No Hearing Noticed<br><br>Hon. Maame Ewusi-Mensah Frimpong |

## I.    INTRODUCTION

The Court should deny Plaintiffs' extraordinary request for leave to submit a "sur-reply" to bolster their opposition to Defendants' fully briefed motion to dismiss. ECF No. 97 (motion for leave); *see* ECF No. 97-1 (proposed sur-reply). Like most sur-replies, Plaintiffs' latest filing is nothing more than an improper "attempt to get the last word." *Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022). The Court should reject this effort to circumvent the ordinary briefing rules, as Plaintiffs' justification for doing so—claiming that Defendants' reply contains three "new" arguments—is meritless. As explained below, all three arguments either were raised in Defendants' initial motion to dismiss, directly respond to Plaintiffs' arguments in their opposition, or both. Accordingly, these arguments "cannot be considered as 'new'" and do not provide "a valid reason" to permit a sur-reply. *Id.*

## II.    LEGAL STANDARD

Local Rule 7-10 provides that the party opposing a motion "shall not file a response to [a] reply" absent leave of the Court. C.D. Cal. L.R. 7-10. This rule reflects the settled understanding that sur-replies "are 'disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Morawski v. Lightstorm Ent., Inc.*, 2013 WL 12638618, at *2 (C.D. Cal. Jan. 23, 2013). A "court should exercise [its] discretion 'in favor of allowing a sur[-]reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *Afifeh*, 2022 WL 3016147, at *1. Accordingly, "[c]ourts in this [D]istrict have held that a sur-reply is improper 'when a reply neither presents new arguments nor new evidence.'" *Sound of Color, LLC v. Smith*, 2023 WL 5667573, at *1 (C.D. Cal. July 11, 2023) (quoting *Afifeh*, 2022 WL 3016147, at *1).

Courts in this District have also made clear what does *not* constitute a "new" argument. First, an argument "is not 'new'" if it merely elaborates or provides "more detail" on an argument raised in the initial motion. *Afifeh*, 2022 WL 3016147, at *1;

2

1    *see, e.g., California v. Chiquita Canyon, LLC*, 2025 WL 2238726, at *1 (C.D. Cal.

2    July 7, 2025) (Frimpong, J.) (denying sur-reply and concluding that movants did

3    "not raise[] a new argument" even though it was more "explicit" in reply). Second,

4    "[a]n argument in a reply is not 'new' if it simply responds to arguments asserted in

5    opposition to a motion." *Arceo v. Ardent Mills, LLC*, 2023 WL 5096332, at *1 (C.D.

6    Cal. Aug. 9, 2023); *see, e.g., Afifeh*, 2022 WL 3016147, at *1 ("[The] argument …

7    responds to arguments raised by Plaintiff in the opposition, and therefore also cannot

8    be considered as 'new.'").

9    **III.    ARGUMENT**

10          Applying those principles makes clear that Plaintiffs' motion for leave to file

11    a sur-reply is improper and should be denied. None of the three arguments identified

12    in Plaintiffs' motion is a "new" argument that would justify a sur-reply.

13          **A.    Defendants' Section 13(b) Argument Does Not Justify A Sur-Reply**

14          Plaintiffs first assert that Defendants "newly argue" in their reply that Section

15    13(b)'s "about to violate" language requires the FTC to demonstrate "'imminent'

16    law violations, not violations that are 'likely to recur.'" ECF No. 97 at 4. That is

17    flatly incorrect.

18          In the motion to dismiss, Defendants quoted the key language from Section

19    13(b)—which permits a claim for injunctive relief only when the defendant "'*is

20    violating*, or is *about to violate*'" the law—and expressly argued that "Section

21    13(b)'s text 'require[s]' the FTC to demonstrate 'the existence of ongoing or

22    imminent unlawful conduct.'" ECF No. 55 at 27 (emphasis and brackets in original)

23    (quoting *FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 772-73 (7th Cir. 2019)).

24    Defendants thus made clear that, as a matter of Section 13(b)'s "text," the "about to

25    violate" prong demands "imminent" unlawful conduct. And Defendants argued that

26    Plaintiffs cannot satisfy that prong precisely because they do not "plausibly allege

27    that Ticketmaster is on the brink of imminently returning to its old practices." *Id.* at

28    28. In opposition, Plaintiffs insisted that, "contrary to Defendants' argument," the

3

1  violation "need not be 'imminent,'" ignoring the statutory text entirely. ECF No. 64

2  at 14-15. And in reply, Defendants responded to Plaintiffs' evident belief that the

3  statutory text is irrelevant, explaining (again) that imminence is required as a matter

4  of Section 13(b)'s text and citing several cases reinforcing that point. ECF No. 70 at

5  20-21 & n.7.

6      Accordingly, Plaintiffs' assertion that this is an "entirely new" argument is

7  frivolous. ECF No. 97 at 4. Defendants squarely articulated and applied the

8  imminence standard in their motion. Defendants' reply then elaborated on *why*

9  imminence is the correct standard (because it is compelled by the statutory text) in

10 direct response to Plaintiffs' argument that imminence is not the correct standard

11 (which ignores the statutory text). That is not a "new" argument that would justify a

12 sur-reply—both because Defendants were merely providing "more detail" on the

13 argument raised in their initial motion, and because that elaboration was needed to

14 "respond to arguments raised by Plaintiff[s] in the opposition." *Afifeh*, 2022 WL

15 3016147, at *1.

16     Plaintiffs seem particularly bothered by Defendants' citation of *FTC v. Shire*

17 *ViroPharma, Inc.*, 917 F.3d 147 (3d Cir. 2019). But Defendants cited *Shire* (among

18 other cases) to reinforce the argument that Section 13(b)'s "plain text" requires

19 "'imminent illegal conduct,'" ECF No. 70 at 20-21—the very argument Defendants

20 raised in their initial motion and that Plaintiffs resisted in their opposition. Indeed,

21 Defendants supported that argument in their initial motion by citing *Credit Bureau*—

22 a case that cites *Shire* for the proposition that Section 13(b) "requir[es] the

23 Commission to allege an ongoing or imminent violation." *Credit Bureau*, 937 F.3d

24 at 773 (citing *Shire*, 917 F.3d at 156). Merely citing *Shire* itself in reply to fortify

25 Defendants' existing argument (and to respond to Plaintiffs' resistance to that

26 argument) does not make the argument new. *See, e.g.*, *Mendis v. BMW of N. Am.*

27 *LLC*, 2025 WL 3013722, at *1 (W.D. Wash. Oct. 28, 2025) (explaining that "[c]iting

28 additional case law in a reply to support an argument previously raised in a motion"

4

1  is appropriate and does not justify a sur-reply); *DeCastro v. McKnight*, 2025 WL

2  2431688, at *4 (D. Nev. Aug. 21, 2025) (same point).

3      Plaintiffs are also wrong to suggest that, in citing *Shire*, Defendants' argument

4  is somehow at odds with the "binding precedent" cited in Defendants' motion. ECF

5  No. 97 at 4. The only cited precedential decision is *FTC v. Evans Products Co.*, 775

6  F.2d 1084 (9th Cir. 1985). There, the Ninth Circuit upheld the *denial* of an injunction

7  under Section 13(b) because the defendant's conduct had "completely ceased" and

8  was "not likely to recur." *Id.* at 1087-89. Because the injunction failed even under

9  that standard, "[t]he Ninth Circuit … did not interpret 'about to violate'" as a matter

10  of statutory construction. *Shire*, 917 F.3d at 157 & n.14. In other words, while it is

11  true (as Defendants explained) that *Evans Products* stands for the proposition that

12  "Section 13(b) 'may *not* be used to remedy a past violation that is *not* likely to recur,"

13  ECF No. 55 at 28 (emphasis added) (quoting *Evans Prods.*, 775 F.2d at 1089),

14  Defendants did not suggest that Section 13(b) *may* be used to address non-ongoing

15  and non-imminent conduct that is merely "likely to recur" at some undefined point

16  in the future. As the Third Circuit put it in *Shire*, "the FTC's arguments relying on

17  *Evans Products*" to reject the imminence standard are "at best inapposite and at

18  worst misleading." 917 F.3d at 157 n.14.

19      Finally, Plaintiffs' proposed sur-reply tacks on a footnote trying to resuscitate

20  their likelihood-of-recurrence "factors." ECF No. 97-1 at 4 n.1. This violates Rule

21  7-10 because Plaintiffs do not seek leave to make this point in their motion, which

22  is limited to the imminence standard and "the discussion of *Shire*." ECF No. 97 at 4.

23  And Plaintiffs' footnote is not even responding to a new argument—Plaintiffs

24  introduced those factors in their opposition, and Defendants responded in their reply.

25  *See* ECF No. 64 at 14; ECF No. 70 at 22. This is a quintessential example of a non-

26  moving "party's improper attempt to have the last word on an issue." *Markson v.*

27  *CRST Int'l, Inc.*, 2022 WL 790960, at *1 n.1 (C.D. Cal. Feb. 24, 2022).

28

1

2

### B.    Defendants' Argument About Per-Account Ticket Limits Does Not Justify A Sur-Reply

3

4

5

6

Plaintiffs next challenge Defendants' assertion that the ticket limits reflect "the number of tickets individual accounts can purchase." ECF No. 97 at 4-5. This is also not a new argument, as it "responds to arguments raised by Plaintiff[s] in the opposition." *Afifeh*, 2022 WL 3016147, at *1.

7

8

9

10

11

12

13

14

15

16

17

Specifically, in their opposition, Plaintiffs suggested that the ticket limit disclosures—which state that there is a "strict … ticket limit" for certain events—are false because some scalpers have used "multiple accounts" to exceed posted ticket limits. ECF No. 64 at 11. In reply, Defendants explained why that theory fails: "[F]or events with ticket limits, each individual account is limited to purchasing the specified number of tickets." ECF No. 70 at 25 (citing ECF No. 1 at ¶ 70). And that representation comes straight from Plaintiffs' complaint: "Ticketmaster's website and app automatically prevent a *single Ticketmaster accountholder* from adding to their cart, or purchasing, more tickets than the posted limit in a single transaction. Ticketmaster uses a drop-down menu that allows the purchaser to select only up to the limit." ECF No. 1 at ¶ 70 (emphasis added).

18

19

20

21

22

23

24

25

26

27

Thus, far from raising a new argument, Defendants merely used Plaintiffs' own allegations to explain why the theory of falsity advanced in their opposition cannot support their claim. And while Plaintiffs seem to disagree with Defendants' "[]characterization of the complaint's allegations," ECF No. 97 at 5, that is not a valid basis for a sur-reply. *See, e.g.*, *Kim v. Blue Triton Brands*, 2022 WL 17061085, at *3 (C.D. Cal. Nov. 1, 2022) (denying sur-reply seeking to contest "[the defendant's] characterizations of the Complaint"), *aff'd*, 2024 WL 243343 (9th Cir. Jan. 23, 2024). Indeed, if disagreement over characterizations in a reply were enough to justify a sur-reply, the Court would be inundated with sur-replies in virtually every case.

28

**C.    Defendants' Argument About Ticketmaster's Control Does Not Justify A Sur-Reply**

Finally, Plaintiffs argue that the reply asserts "for the first time" that "the complaint does not allege that Ticketmaster has the ability to control or directly participates in scalpers' conduct." ECF No. 97 at 5. Just stating the argument is enough to reject it: Defendants obviously did not argue about what "the complaint does not allege" in their initial motion—precisely because the complaint does not allege it. Rather, this issue came up because Plaintiffs tried to inject it into the case in their opposition, and Defendants responded accordingly—including by pointing out that this theory is not adequately alleged in the complaint. *See* ECF No. 64 at 26-27; ECF No. 70 at 18. This is yet another instance of Plaintiffs trying to recast as "new" an argument that "responds to arguments asserted in [the] opposition." *Arceo*, 2023 WL 5096332, at \*1. The suggestion that Defendants' initial motion had to anticipate and address something the complaint "does not allege" makes no sense. ECF No. 97 at 5; *see Arceo*, 2023 WL 5096332, at \*1 (denying sur-reply and explaining that the movant "was not required to anticipate in its Motion that [the non-movant] would, in its opposition, try to bolster" its allegations).

In reality, Plaintiffs are trying to use the sur-reply to argue that this theory *was* alleged in the complaint, pointing to an unadorned, conclusory reference to Ticketmaster's "control." ECF No. 1 at ¶ 124. This is nothing more than an attempt to get the last word and shore up an argument Plaintiffs made in their opposition. But that "is not a valid reason to allow for a sur[-]reply." *Afifeh*, 2022 WL 3016147, at \*1. And permitting Plaintiffs to file this kind of sur-reply—to enhance their own arguments rather than respond to truly new arguments—would only invite further abuse of the procedural rules. The Court should reject it.

**IV.    CONCLUSION**

The Court should deny Plaintiffs' motion for leave to file a sur-reply.

7

Dated:  February 13, 2026

Respectfully submitted,

LATHAM & WATKINS LLP
    Michael H. Rubin
    Scott D. Joiner
    Alexander C.K. Wyman
    Will Schildknecht
    Max A. Shapiro

SIDLEY AUSTIN LLP
    Benjamin M. Mundel


By */s/ Michael H. Rubin*
    Michael H. Rubin

    Attorneys for Defendants
    Live Nation Entertainment, Inc. and
    Ticketmaster L.L.C.

8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

## **CERTIFICATE OF COMPLIANCE**

2        The   undersigned,   counsel   of   record   for   Defendants   Live   Nation

3  Entertainment, Inc. and Ticketmaster L.L.C., certifies that this response contains

4  2,032 words, which complies with the word limit of L.R. 11-6.1.

5

6    Dated:  February 13, 2026            LATHAM & WATKINS LLP

7

8                                By */s/ Michael H. Rubin*
                                     Michael H. Rubin

9
                                     Attorneys for Defendants
10                                    Live Nation Entertainment, Inc. and
                                     Ticketmaster L.L.C.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9