UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION et al,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LIVE NATION ENTERTAINMENT, INC. et al,<br><br>　　　　　　Defendants. | Case No.: 2:25-cv-08884-MEMF-MAA<br><br>**ORDER DENYING JOSEPHY ANTHONY REYNA LEAVE TO FILE AMICUS CURIAE BRIEF [DKT. NO. 66]** |

　　Proposed Amicus Joseph Anthony Reyna moves for leave to file an amicus brief seeking to provide a neutral analytical framework for evaluating the functionality of platforms similar to Ticketmaster. Dkt. No. 66 at 2.

　　On January 12, 2026, Reyna filed his Motion for Leave to File Amicus Brief. Dkt. No. 66. Reyna did not attach his proposed brief to his Motion, but separately filed it later. *Id.*; Dkt. No. 69. Reyna did provide a certificate of service indicating service of his Motion to the parties. *Id.* at 7. In the Motion, Reyan asserts that: (1) the parties did not oppose or resolve his contemplated Amicus Brief; and (2) he is a neutral party who wishes to file an Amicus Brief solely to assist the Court. *Id.* at 2-3.

1  Reyna describes himself as "an independent researcher, nonprofit director, and public-
2  interest litigant who has examined platform-mediated markets, digital pricing systems, labor
3  allocation, and information asymmetries in regulated and quasi-regulated industries, including live
4  entertainment and ticketing." *Id.* at 2.

5  In his Motion, he explains that his brief will not address the merits of any claim or dispute
6  but will provide the court with a "neutral analytical framework for evaluating: system-mediated
7  market power and vertical integration; licensing-based access and downstream market non-
8  formation; cumulative interface effects relevant to consumer-protection analysis; upstream labor-
9  pipeline signaling and risk externalization; and preservation of transient, algorithmically generated
10 records." *Id.*

11 "The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d
12 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).
13 "There are no strict prerequisites that must be established prior to qualifying for amicus status; an
14 individual seeking to appear as amicus must merely make a showing that his participation is useful
15 to or otherwise desirable to the court." *WildEarth Guardians v. Haaland*, 2021 WL 4263831, at *10
16 (C.D. Cal. Sept. 20, 2021) (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal.
17 1991)). Courts have granted amicus status "when the amicus has unique information or perspective
18 that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty.*
19 *Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)
20 (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)). Although
21 some courts disfavor amicus participation, this Court finds it "preferable to err on the side of"
22 permitting such briefs. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002). "If an
23 amicus brief that turns out to be unhelpful is filed, the [Court] . . . can then simply disregard the
24 amicus brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource
25 that might have been of assistance." *Id.*

26 The Court's task on a motion to dismiss is a limited one—to determine whether the plaintiffs
27 (in this case, the FTC and several states)—have properly stated a claim against the defendants. It
28 does not appear that Reyna's brief is directed towards that limited task, but rather appears to provide

a "neutral analytical framework" that Reyna believes this Court should consider more broadly. This Court is constrained to follow the analytical framework that has been provided by governing law and therefore it does not appear that this brief would be useful.

Accordingly, the Court DENIES Reyna's Motion for Leave to File an Amicus Brief. Dkt. No. 66.

**IT IS SO ORDERED.**

Dated: February 17, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

3