UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION et al,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LIVE NATION ENTERTAINMENT, INC. et al,<br><br>　　　　　　Defendants. | Case No.: 2:25-cv-08884-MEMF-MAA<br><br>**ORDER GRANTING PROPOSED AMICI SENATORS LEAVE TO FILE AMICUS CURIAE BRIEF [DKT. NOS. 78, 81]** |

Before the Court is Proposed Amici United States Senators Marsha Blackburn, Richard Blumenthal, John Cornyn, Josh Hawley, John Kennedy, Ben Ray Luján, and Bernie Moreno Motion for Leave to File an Amicus Curiae Brief. Dkt. Nos. 78, 81.[1] Amici Senators move for leave to file an amicus brief seeking to provide guidance as to the interpretation and purpose of the Better Online Ticket Sales Act of 2016 ("BOTS Act"), 15 U.S.C. § 45c. Dkt. No. 81 at 3-4.

---

[1] The Court notes that the Motions at Dkt. Nos. 78 and 81 appear to be identical. The Motion at Dkt. No. 81, however, includes the proposed Amici Curiae Brief. The Court will therefore DENY AS MOOT the Motion at Dkt. No. 78, and in this Order, cite to the arguments made in the Motion at Dkt. No. 81.

1

On January 30, 2026, Amici Senators filed this Motion for Leave to File Amicus Brief. Dkt. No. 81. Amici Senators attached the Amici Curiae Brief and provided a certificate of service indicating service of their Motion to the parties. *Id.* Plaintiffs have consented to the Motion and Defendants do not oppose the Motion.[2] *Id.* at 2. In the Motion, Amici Senators assert that "as legislators representing constituents who are directly affected by Ticketmaster's conduct[,]" they "have a strong interest in the proper interpretation and application of the law." *Id.* at 4. Given their involvement in the drafting and passage of the BOTS Act, they aim to clarify that the statute applies to platforms like Ticketmaster. *Id.* at 4-5.

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *WildEarth Guardians v. Haaland*, 2021 WL 4263831, at *10 (C.D. Cal. Sept. 20, 2021) (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). Courts have granted amicus status "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)). Although some courts disfavor amicus participation, this Court finds it "preferable to err on the side of" permitting such briefs. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002). "If an amicus brief that turns out to be unhelpful is filed, the [Court] . . . can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *Id.*

Here, the Court finds that the Amici Senators' brief could be useful in determining how the BOTS Act applies to Ticketmaster's platform.

---

[2] The parties stipulated, Dkt. No. 82, to a briefing schedule for the Defendants to respond to the proposed amicus brief, which this Court has separately granted. The Defendants have filed their response. Dkt. No. 91.

Accordingly, the Court GRANTS Amici Senator's Motion for Leave to File an Amicus Brief, Dkt. No. 81, and DENIES AS MOOT the identical motion filed earlier, Dkt. No. 78.

**IT IS SO ORDERED.**

Dated: February 17, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge