**LATHAM & WATKINS LLP**
  Michael H. Rubin (Bar No. 214636)
    *michael.rubin@lw.com*
  Scott D. Joiner (Bar No. 223313)
    *scott.joiner@lw.com*
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111-6538
  Telephone: (415) 391-0600

  Alexander C.K. Wyman (Bar No. 295339)
    *alex.wyman@lw.com*
  Will Schildknecht (Bar No. 348372)
    *will.schildknecht@lw.com*
  Max A. Shapiro (Bar No. 334929)
    *max.shapiro@lw.com*
  10250 Constellation Blvd., Suite 1100
  Los Angeles, CA 90067
  Telephone: (424) 653-5500

**SIDLEY AUSTIN LLP**
  Benjamin M. Mundel (*pro hac vice*)
    *bmundel@sidley.com*
  1501 K Street, N.W.
  Washington, DC 20005
  Telephone: (202) 736-8000

Attorneys for Defendants
Live Nation Entertainment, Inc. and Ticketmaster
L.L.C.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION; ATTORNEY GENERAL OF COLORADO; OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS; THE PEOPLE OF THE STATE OF ILLINOIS; STATE OF NEBRASKA; STATE OF TENNESSEE; STATE OF UTAH; UTAH DIVISION OF CONSUMER PROTECTION; COMMONWEALTH OF VIRGINIA,<br><br>              Plaintiffs,<br><br>      v.<br><br>LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C.,<br><br>              Defendants. | Case No. 2:25-cv-08884-MEMF-MAA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br>Hon. Maame Ewusi-Mensah Frimpong |

Defendants submit this response to Plaintiffs' notice (ECF No. 123) regarding the recent decision in *FTC v. Key Investment Group LLC*, 2026 WL 1153031 (D. Md. Apr. 29, 2026) (*KIG*). The *KIG* decision does not support Plaintiffs' position in this case and only bolsters Defendants' arguments for dismissal.

The *KIG* case involves a straightforward application of the BOTS Act: an enforcement action against ticket brokers who directly circumvented Ticketmaster's security measures to acquire tickets in violation of the BOTS Act. The FTC's claim in *KIG* arises under subparagraph (A) of the BOTS Act, which prohibits circumventing a ticket issuer's technological controls. *See id.* at *3-4 (citing 15 U.S.C. § 45c(a)(1)(A)). This case, by contrast, is brought under subparagraph (B), which concerns the subsequent sale of tickets allegedly obtained through circumvention. *See* ECF No. 1 at ¶ 125 (citing 15 U.S.C. § 45c(a)(1)(B)). Accordingly, the statutory arguments addressed in *KIG* are different from the arguments raised in this case—which concern the particular elements for alleging a subparagraph (B) violation. Moreover, although it involves a subparagraph (A) claim, the FTC's complaint in *KIG* alleged the kinds of specific facts demonstrating a BOTS Act violation that are missing from the complaint in this case, *see KIG*, 2026 WL 1153031, at *1-2, 5, and so the arguments advanced by Defendants here were not even at issue in *KIG*.

If anything, the decision in *KIG* supports Defendants' arguments for dismissal in this case in at least two respects.

First, the *KIG* court consistently characterized Ticketmaster as the entity whose security measures were being circumvented—*i.e.*, the protected party under the BOTS Act, not a violator. The court described how "Ticketmaster has certain security measures so that consumers can purchase tickets at a reasonable price" and how the defendants "bypass[ed] these security measures." *Id.* at *1. The court also explained that the BOTS Act targets "'ticket scalpers [who] did not play by the rules'"—*i.e.*, "bad actors manipulating and re-selling tickets and circumventing

2

posted security measures." *Id.* at *4. This understanding of the law is consistent with Defendants' argument—and all prior BOTS Act cases—that the BOTS Act was enacted to support the efforts of platforms like Ticketmaster against scalpers, not to impose liability on the very platforms whose controls are being circumvented. ECF No. 55 at 15-16, 18-20.

Second, the *KIG* court noted the specific allegations of circumventing technological controls: The FTC alleged that the defendants used more than 13,000 accounts, thousands of fictitious names and credit card numbers, SIM banks, and IP proxy services, and it alleged specific examples tied to particular events (*e.g.*, 49 accounts to purchase 273 Taylor Swift tickets; 277 accounts to purchase 1,530 Bruce Springsteen tickets). *KIG*, 2026 WL 1153031, at *2, 5. The FTC's specific allegations thus respected the statutory distinction between technological controls and the ticket limits themselves—a distinction Plaintiffs have persistently conflated in this case. ECF No. 55 at 21-22. And the detailed allegations of circumvention in that case further underscore the bare-bones nature of Plaintiffs' complaint in this case, which fails to connect any resale listing on Ticketmaster to the circumvention of any particular technological control. *Id.* at 22-24.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Dated:  May 1, 2026

Respectfully submitted,

LATHAM & WATKINS LLP
   Michael H. Rubin
   Scott D. Joiner
   Alexander C.K. Wyman
   Will Schildknecht
   Max A. Shapiro

SIDLEY AUSTIN LLP
   Benjamin M. Mundel


By */s/ Michael H. Rubin*
   Michael H. Rubin

   Attorneys for Defendants
   Live Nation Entertainment, Inc. and
   Ticketmaster L.L.C.

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW