**LATHAM & WATKINS LLP**
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Scott D. Joiner (Bar No. 223313)
*scott.joiner@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600

Alexander C.K. Wyman (Bar No. 295339)
*alex.wyman@lw.com*
Will Schildknecht (Bar No. 348372)
*will.schildknecht@lw.com*
Max A. Shapiro (Bar No. 334929)
*max.shapiro@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500

**SIDLEY AUSTIN LLP**
Benjamin M. Mundel (*pro hac vice forthcoming*)
*bmundel@sidley.com*
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000

Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION; ATTORNEY GENERAL OF COLORADO; OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS; THE PEOPLE OF THE STATE OF ILLINOIS; STATE OF NEBRASKA; STATE OF TENNESSEE; STATE OF UTAH; UTAH DIVISION OF CONSUMER PROTECTION; COMMONWEALTH OF VIRGINIA,

Plaintiffs,

v.

LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C.,

Defendants.

Case No. 2:25-cv-08884-MEMF-MAA

**DEFENDANTS' AMENDED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Hon. Maame Ewusi-Mensah Frimpong

Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster L.L.C. ("Ticketmaster") (together, "Defendants") hereby submit their Amended Answer to the Complaint (ECF Nos. 1, 67-1[1]) filed by Plaintiffs Federal Trade Commission (the "Commission" or "FTC"); Attorney General of Colorado; Office of the Attorney General, State of Florida, Department of Legal Affairs; the People of the State of Illinois; State of Nebraska; State of Tennessee; State of Utah; Utah Division of Consumer Protection; and Commonwealth of Virginia (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

Ticketmaster, and its parent company, Live Nation, have been at the forefront of the fight against ticket scalpers, investing over $1 billion since 2010 to prevent scalpers' industrial-scale, technology-driven ticket purchasing and to protect fans' access to primary ticket sales. Now, through improper enforcement of the Better Online Ticket Sales Act ("BOTS Act" or "Act"), 15 U.S.C. § 45c, Plaintiffs seek to punish Live Nation and Ticketmaster for not perfectly blocking all ticket purchase abuse on Ticketmaster's platform. Plaintiffs' lawsuit is misguided. Congress passed the Act to combat scalpers who use bots and other technological exploits to circumvent ticket issuers' safeguards and harvest tickets ahead of fans, *not* to penalize ticket companies like Defendants that invest substantial resources to implement safeguards against scalpers, by targeting limitations in their safeguards. The BOTS Act is intended to bolster Defendants' fight against scalpers, not undercut it.

Fans love attending live music events because they are authentic, emotional, and unforgettable. But securing tickets can be difficult when scalpers use technology to illicitly step in front of fans to acquire the tickets that artists offer through primary

---

[1] Plaintiffs filed a Notice of Errata attaching a "Corrected Complaint," which revised certain paragraph numbers in the originally filed Complaint. *See* ECF Nos. 67, 67-1. The "Responses to Specific Allegations" section of this Amended Answer refers to the paragraph numbers in the "Corrected Complaint."

ticketing companies like Ticketmaster. Despite the narrative Plaintiffs attempt to push, Ticketmaster and Live Nation have been committed to protecting fans' access to tickets; nearly every major technological advancement in the fight against bots and automated ticket harvesting has come from Defendants. And Defendants continue to invest in this fight. In 2025, Ticketmaster detected and blocked nearly 260 million attempts *daily* by bots to access its services, and currently blocks tens of thousands of suspected inauthentic account-creation attempts each day. It has built and continues to refine layered defenses against bots and purchase abuse – including CAPTCHA challenges, account authentication, analytics that detect accounts under common control, and the cancellation of inauthentic accounts – and it has pursued legal action against bot operators and scalpers.

Defendants have also championed reform in the ticketing services industry. For years, they urged Congress and the Commission to support their efforts to detect and prevent ticket harvesting, leading Congress to pass the BOTS Act in 2016. Defendants also led the fight to ban speculative ticketing, supported all-in ticket pricing, supported the Administration's 2025 executive order on live-event ticketing, and continue to advocate to strengthen the BOTS Act to reach all forms of technology-aided ticket harvesting.

Now, inexplicably, the Commission seeks to flip the Act on its head by turning it against Live Nation and Ticketmaster, the very companies the Act is intended to support. This perversion of the Act contradicts its plain meaning, flouts the will of Congress, and undoubtedly sets back the fight against scalpers.

The BOTS Act makes it unlawful for scalpers to buy tickets by circumventing a "technological control or measure" used by a ticket issuer "to enforce" limits on ticket purchases. 15 U.S.C. § 45c(a)(1)(A). The Act also makes it unlawful for the scalper or anyone who knows the tickets were acquired through circumvention to sell or offer to sell the ill-gotten tickets. *Id.* § 45c(a)(1)(B).

The Act's legislative history is instructive. Congress recognized that "[t]he market for live event tickets has encountered challenges from scalpers who use software to circumvent the safeguards primary ticket sellers use to limit ticket purchases," and while Ticketmaster implements "measures [] aimed at ensuring that ticket buyers have a fair chance of obtaining tickets," bots "ha[d] frustrated the intentions of performers and other ticket sellers to make tickets available equitably and at reasonable prices." S. Rep. No. 114-391, at 1-2 (2016). In passing the Act, Congress distinguished the scalpers who buy and sell tickets from the ticket issuers they harm and viewed issuers' safeguards as a first line of defense for fans. Nothing in the Act or its history suggests Congress intended to turn the victims of circumvention into targets.

When enforced as Congress intended, the Act should buttress ticket issuers' technological controls and measures by empowering the Commission to pursue legal action against scalpers. Indeed, that is how the Commission has applied the Act in its handful of prior enforcement actions: in each, asserting that Ticketmaster is a "ticket issuer" maintaining technological controls or measures to prevent abuse, and charging scalpers who allegedly bypassed them. The Commission's new interpretation recasts a law plainly aimed at bots and other technological exploits as an industrywide regulation that sweeps up and penalizes purchase abuse-prevention efforts of ticket issuers and resale platforms that are not flawless.

This approach risks a severe chilling effect on abuse prevention. Because the Act reaches only the circumvention of measures a ticket issuer uses to enforce ticket limits, a ticketing company that does not implement any purchase limits or anti-bot measures faces no BOTS Act exposure at all, since there would be nothing for scalpers to circumvent. Under the Commission's reading, by contrast, any new abuse-prevention measure or ticket limit Ticketmaster deploys becomes a new source of potential liability whenever a determined scalper finds a way around it. Platforms will face pressure to abandon prevention measures or purchase limits

altogether, making it exponentially easier for scalpers to harvest tickets, forcing fans, artists, and venues to bear the cost. Alternatively, faced with existential, compound penalties for third-party conduct they neither committed nor controlled, ticket resale platforms would be compelled to reduce or abandon resale services, limiting fan choice and depriving fans of resale fraud protections. Congress surely did not intend such a perverse result. At bottom, the Act does not permit the kind of targeting of ticket companies' purchase-abuse prevention efforts that Plaintiffs seek to carry out with this action.

Finally, Plaintiffs' claims that Defendants engaged in unfair or deceptive acts with respect to Ticketmaster's presentation of fees and ticket limit disclosures also lack merit. Ticketmaster now employs all-in pricing consistent with the Commission's rules, and Defendants deny that they engaged in any false or misleading conduct as to disclosures on ticket limits.

## GENERAL DENIAL

Defendants deny all factual allegations set forth in the Complaint unless expressly admitted. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts. Although Defendants need not admit or deny legal conclusions or arguments, Defendants affirmatively deny that they have violated any applicable law and assert that Plaintiffs should be denied all of the relief they request.

Defendants do not repeat the headings (or the table of contents) set forth in the Complaint. To the extent any headings require a response, and to the extent any headings contain any factual allegations, they are denied.

## RESPONSES TO SPECIFIC ALLEGATIONS

Defendants respond to the numbered paragraphs of the Complaint as follows:

1. Defendants state that the averments in paragraph 1 of the Complaint purport to state characterizations and legal conclusions to which no response is

required. To the extent a response is required, Defendants deny the averments in paragraph 1 of the Complaint.

2. Defendants state that the averments in paragraph 2 of the Complaint purport to state characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 2 of the Complaint.

3. Defendants state that the averments in paragraph 3 of the Complaint purport to state characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 3 of the Complaint.

4. Defendants state that the averments in paragraph 4 of the Complaint purport to state characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 4 of the Complaint.

5. Defendants state that the averments in paragraph 5 of the Complaint purport to state characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 5 of the Complaint.

6. Defendants state that the averments in paragraph 6 of the Complaint purport to state characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 6 of the Complaint.

7. Defendants state that the averments in paragraph 7 of the Complaint purport to state characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 7 of the Complaint.

8. Defendants state that the averments in paragraph 8 of the Complaint purport to state characterizations and legal conclusions to which no response is

required. To the extent a response is required, Defendants deny the averments in paragraph 8 of the Complaint.

9. Defendants state that the averments in paragraph 9 of the Complaint purport to state characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 9 of the Complaint.

10. Defendants deny the averments in paragraph 10 of the Complaint, including because the terms "dwarfs," "controls," and "major concert venues" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint as they pertain to third parties, and admit that Ticketmaster L.L.C. is a wholly owned subsidiary of Live Nation Entertainment, Inc.; is the largest primary ticketing services company in the United States; and offers primary and secondary ticketing services for concerts, sports, and other live entertainment events on its website and mobile application.

11. Defendants deny the averments in paragraph 11 of the Complaint, except admit that paragraph 11 appears to partially quote from the Ticketmaster website and refer to that website for its full and accurate contents.

12. Defendants deny the averments in paragraph 12 of the Complaint.

13. Defendants deny the averments in paragraph 13 of the Complaint, including because the term "first price" is vague and undefined, except admit that paragraph 13 appears to partially quote from public and unidentified documents and refer to those documents for their full and accurate contents.

14. Defendants deny the averments in paragraph 14 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint as they pertain to third parties.

15. Defendants deny the averments in paragraph 15 of the Complaint, except admit that paragraph 15 appears to partially quote from an unidentified document and refer to that document for its full and accurate contents.

16. Defendants deny the averments in paragraph 16 of the Complaint, including because the term "significant" is vague and undefined, except admit that Ticketmaster charges fees in connection with its secondary ticketing services and that paragraph 16 appears to reference and partially quote from unidentified documents and refer to those documents for their full and accurate contents.

17. Defendants state that the averments in paragraph 17 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 17 of the Complaint.

18. Defendants state that the averments in paragraph 18 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 18 of the Complaint, except do not challenge whether the Court has subject matter jurisdiction over this action and refer to the referenced statutes for their complete contents.

19. Defendants state that the averments in paragraph 19 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 19 of the Complaint and refer to the referenced statutes for their complete contents.

20. Defendants state that the averments in paragraph 20 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 20 of the Complaint and refer to the referenced statutes for their complete contents.

21. Defendants state that the averments in paragraph 21 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 21 of the

Complaint, except admit that Philip J. Weiser is the Attorney General of the State of Colorado at the time of this filing and refer to the referenced statutes for their complete contents.

22. Defendants state that the averments in paragraph 22 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 22 of the Complaint and refer to the referenced statutes for their complete contents.

23. Defendants state that the averments in paragraph 23 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 23 of the Complaint, except admit that the State of Illinois is a state of the United States, and refer to the referenced statutes for their complete contents.

24. Defendants state that the averments in paragraph 24 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 24 of the Complaint and refer to the referenced statutes for their complete contents.

25. Defendants state that the averments in paragraph 25 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 25 of the Complaint and refer to the referenced statutes for their complete contents.

26. Defendants state that the averments in paragraph 26 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 26 of the Complaint, except admit that the State of Utah is a state of the United States and refer to the referenced statutes for their complete contents.

27. Defendants state that the averments in paragraph 27 of the Complaint purport to state legal conclusions to which no response is required. To the extent a

response is required, Defendants deny the averments in paragraph 27 of the Complaint and refer to the referenced statutes for their complete contents.

28. Defendants state that the averments in paragraph 28 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 28 of the Complaint and refer to the referenced statute for its complete contents.

29. Defendants deny the averments in paragraph 29 of the Complaint, including because the terms "transacts" and "transacted" are vague and undefined, except admit that Live Nation Entertainment, Inc. is incorporated in Delaware, has its principal place of business at 9348 Civic Center Drive, Beverly Hills, CA 90210, and provides services throughout the United States.

30. Defendants deny the averments in paragraph 30 of the Complaint, including because the terms "transacts" and "transacted" are vague and undefined, except admit that Ticketmaster L.L.C. is a wholly owned subsidiary of Live Nation Entertainment, Inc., is a limited liability company organized and existing under the laws of Virginia, has its principal place of business at 9348 Civic Center Drive, Beverly Hills, CA 90210, and provides services throughout the United States.

31. Defendants state that the averments in paragraph 31 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 31 of the Complaint, including because the term "responsible for" is vague and undefined.

32. Defendants state that the averments in paragraph 32 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 32 of the Complaint.

33. Defendants deny the averments in paragraph 33 of the Complaint, except admit that Ticketmaster offers primary and secondary ticketing services and

that paragraph 33 appears to reference and partially quote unidentified documents and refer to those documents for their full and accurate contents.

34. Defendants deny the averments in paragraph 34 of the Complaint, including because the terms "touching," "closely managing," "promotes," "manages," "brokers," and "substantially" are vague and undefined, except admit that Live Nation operates live entertainment venues within Florida, Illinois, and Tennessee, and that paragraph 34 appears to reference and partially quote unidentified documents and refer to those documents for their full and accurate contents.

35. Defendants deny the averments in paragraph 35 of the Complaint, except admit that consumers purchasing tickets from the Ticketmaster platform purchase the tickets from the Ticketmaster website or application.

36. Defendants deny the averments in paragraph 36 of the Complaint including because the term "significant" is vague and undefined, except admit that the fees charged on Ticketmaster ticket sales have a variety of designations, including service fees, facility fees, and processing fees; that paragraph 36 appears to reference unidentified documents and refer to those documents for their full and accurate contents; and that Live Nation's annual reports for fiscal years 2019 through 2024 reported revenue and refer to those reports for their full and accurate contents.

37. Defendants deny the averments in paragraph 37 of the Complaint, except admit that ticket resellers who resell tickets on Ticketmaster's secondary ticket platform are charged a seller fee, and that Live Nation's annual reports for fiscal years 2019 through 2024 reported revenue and refer to those reports for their full and accurate contents.

38. Defendants deny the averments in paragraph 38 of the Complaint, except admit that Ticketmaster generates revenue from fees charged on the Ticketmaster platform and that Live Nation's annual reports for fiscal years 2019

through 2024 reported revenue and refer to those reports for their full and accurate contents.

39. Defendants deny the averments in paragraph 39 of the Complaint, except admit that, in certain instances, Ticketmaster may adjust secondary ticket prices on the Ticketmaster platform and that Live Nation's annual reports for fiscal years 2019 through 2024 reported revenue and refer to those reports for their full and accurate contents.

40. Defendants deny the averments in paragraph 40 of the Complaint, except admit that paragraph 40 appears to reference displays from the Ticketmaster website and screenshots of the Ticketmaster website purportedly captured on March 19, 2024 and July 15, 2024 and refer to that website and those screenshots for their full and accurate contents.

41. Defendants deny the averments in paragraph 41 of the Complaint, except admit that paragraph 41 appears to reference a screenshot of the Ticketmaster website purportedly captured on July 15, 2024 and refer to that screenshot for its full and accurate contents.

42. Defendants deny the averments in paragraph 42 of the Complaint, except admit that paragraph 42 appears to reference a screenshot of the Ticketmaster website purportedly captured on March 19, 2024 and refer to that screenshot for its full and accurate contents.

43. Defendants deny the averments in paragraph 43 of the Complaint, except admit that paragraph 43 appears to reference a screenshot of the Ticketmaster website purportedly captured on March 19, 2024 and refer to that screen capture for its full and accurate contents.

44. Defendants deny the averments in paragraph 44 of the Complaint, except admit that paragraph 44 appears to reference a screenshot of the Ticketmaster website purportedly captured on March 19, 2024 and refer to that screen capture for its full and accurate contents.

45. Defendants deny the averments in paragraph 45 of the Complaint, except admit that paragraph 45 appears to reference screenshots of the Ticketmaster website purportedly captured on March 19, 2024 and July 15, 2024 and refer to those screenshots for their full and accurate contents.

46. Defendants deny the averments in paragraph 46 of the Complaint, except admit that paragraph 46 appears to reference a screenshot of the Ticketmaster website purportedly captured on March 19, 2024 and refer to that screenshot for its full and accurate contents.

47. Defendants deny the averments in paragraph 47 of the Complaint, except admit that paragraph 47 appears to reference a screenshot of the Ticketmaster website purportedly captured on July 15, 2024 and refer to that screenshot for its full and accurate contents.

48. Defendants deny the averments in paragraph 48 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 48 of the Complaint as they pertain to third parties, and admit that when ticketholders sell a ticket on the Ticketmaster platform, the original ticket is voided and a new ticket is issued to the purchaser and that paragraph 48 appears to reference screenshots of the Ticketmaster website purportedly captured on March 19, 2024 and July 15, 2024 and refer to those screenshots for their full and accurate contents.

49. Defendants deny the averments in paragraph 49 of the Complaint, including because the terms "advertised" and "significantly" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 49 of the Complaint as they pertain to third parties.

50. Defendants deny the averments in paragraph 50 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 50 of the Complaint as they pertain to third

parties, and admit that paragraph 50 appears to partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

51. Defendants deny the averments in paragraph 51 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 51 of the Complaint as they pertain to third parties, and admit that paragraph 51 appears to partially quote from public and unidentified documents and refer to those documents for their full and accurate contents.

52. Defendants deny the averments in paragraph 52 of the Complaint, including because the term “regularly” is vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 52 of the Complaint as they pertain to third parties, and admit that paragraph 52 appears to partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

53. Defendants deny the averments in paragraph 53 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 53 of the Complaint as they pertain to third parties, and admit that paragraph 53 appears to partially quote from a 2015 “study” and refer to that document for its full and accurate contents.

54. Defendants deny the averments in paragraph 54 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 54 of the Complaint as they pertain to third parties, and admit that paragraph 54 appears to partially quote from a 2022 “study” and refer to that document for its full and accurate contents.

55. Defendants deny the averments in paragraph 55 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 55 of the Complaint as they pertain to third parties, and admit that paragraph 55 appears to reference and partially quote from

documents produced by Defendants and refer to those documents for their full and accurate contents.

56. Defendants deny the averments in paragraph 56 of the Complaint, except admit that paragraph 56 appears to partially quote a 2015 "study" and refer to that document for its full and accurate contents.

57. Defendants deny the averments in paragraph 57 of the Complaint, except admit that paragraph 57 appears to reference a screenshot of the Ticketmaster website purportedly captured on March 19, 2024 and refer to that screenshot for its full and accurate contents.

58. Defendants deny the averments in paragraph 58 of the Complaint, except admit that paragraph 58 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

59. Defendants deny the averments in paragraph 59 of the Complaint, except admit that paragraph 59 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

60. Defendants deny the averments in paragraph 60 of the Complaint, except admit that Defendants previously evaluated changes to fee displays on the Ticketmaster platform and that paragraph 60 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

61. Defendants deny the averments in paragraph 61 of the Complaint, including because the term "overwhelmingly" is vague and undefined, except admit that paragraph 61 appears to partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

62. Defendants deny the averments in paragraph 62 of the Complaint, except admit that paragraph 62 appears to partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

63. Defendants deny the averments in paragraph 63 of the Complaint, except state that paragraph 63 of the Complaint purports to state a legal conclusion and refer to the referenced regulations for their complete contents and admit that paragraph 63 appears to reference public statements and refer to those statements for their full and accurate contents.

64. Defendants deny the averments in paragraph 64 of the Complaint.

65. Defendants deny the averments in paragraph 65 of the Complaint, except admit that event organizers may choose to set a ticket limit on certain events that are posted on the Ticketmaster platform.

66. Defendants deny the averments in paragraph 66 of the Complaint, except admit that posted ticket limits vary for events on the Ticketmaster platform; that event organizers may choose to set a ticket limit on certain events that are posted on the Ticketmaster platform; and that paragraph 66 appears to quote from a public document and refer to that document for its full and accurate contents.

67. Defendants deny the averments in paragraph 67 of the Complaint, except admit that paragraph 67 appears to reference and partially quote a purported screenshot of the Ticketmaster website and refer to that screenshot for its full and accurate contents.

68. Defendants deny the averments in paragraph 68 of the Complaint, except admit that ticket purchasers on the Ticketmaster platform, before completing a ticket purchase, need to check a box linking to Ticketmaster's Terms of Use stating that the purchaser agrees to those Terms of Use, and that paragraph 68 appears to reference and partially quote from the Ticketmaster Terms of Use previously in effect, and refer to those Terms of Use for their full and accurate contents.

69. Defendants admit that paragraph 69 of the Complaint appears to partially quote from the Ticketmaster Purchase Policy previously in effect and refer to that Purchase Policy for its full and accurate contents.

70. Defendants deny the averments in paragraph 70 of the Complaint, including because the term “automatically” is vague and undefined, except admit that, for certain events, the Ticketmaster platform employs a drop-down menu that allows the ticket purchaser to select the number of tickets to purchase for the event.

71. Defendants deny the averments in paragraph 71 of the Complaint, except admit that Ticketmaster has employed a system referred to as TicketCounter and that Ticketmaster reviews certain ticket purchases.

72. Defendants deny the averments in paragraph 72 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 72 of the Complaint as they pertain to third parties.

73. Defendants deny the averments in paragraph 73 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 73 of the Complaint as they pertain to third parties.

74. Defendants deny the averments in paragraph 74 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 74 of the Complaint as they pertain to third parties, and admit that paragraph 74 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

75. Defendants deny the averments in paragraph 75 of the Complaint, except admit that paragraph 75 appears to reference and partially quote from public documents and refer to those documents for their full and accurate contents.

76. Defendants deny the averments in paragraph 76 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 76 of the Complaint as they pertain to third parties, and admit that paragraph 76 appears to reference and partially quote from public documents and refer to those documents for their full and accurate contents.

77. Defendants deny the averments in paragraph 77 of the Complaint, except admit that Ticketmaster charges fees in connection with its secondary ticketing services.

78. Defendants deny the averments in paragraph 78 of the Complaint, including because the term "substantially" is vague and undefined, except admit that paragraph 78 appears to reference documents produced by Defendants and other unidentified documents and refer to those documents for their full and accurate contents.

79. Defendants state that the averments in paragraph 79 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 79 of the Complaint, except admit that paragraph 79 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

80. Defendants deny the averments in paragraph 80 of the Complaint, except admit that paragraph 80 appears to reference and partially quote from public documents and refer to those documents for their full and accurate contents.

81. Defendants deny the averments in paragraph 81 of the Complaint, except admit that paragraph 81 appears to reference and partially quote from public documents and refer to those documents for their full and accurate contents.

82. Defendants deny the averments in paragraph 82 of the Complaint, except admit that paragraph 82 appears to reference and partially quote from public

documents and documents produced by Defendants and refer to those documents for their full and accurate contents.

83. Defendants deny the averments in paragraph 83 of the Complaint, except admit that paragraph 83 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

84. Defendants deny the averments in paragraph 84 of the Complaint.

85. Defendants deny the averments in paragraph 85 of the Complaint, except admit that paragraph 85 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

86. Defendants deny the averments in paragraph 86 of the Complaint, including because the term "system" is vague and undefined.

87. Defendants deny the averments in paragraph 87 of the Complaint, except admit that paragraph 87 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

88. Defendants deny the averments in paragraph 88 of the Complaint, except admit that paragraph 88 appears to reference and partially quote from public documents and refer to those documents for their full and accurate contents.

89. Defendants deny the averments in paragraph 89 of the Complaint, except admit that paragraph 89 appears to reference public documents and refer to those documents for their full and accurate contents.

90. Defendants deny the averments in paragraph 90 of the Complaint, except admit that paragraph 90 appears to reference and partially quote from public documents and documents produced by Defendants and refer to those documents for their full and accurate contents.

91. Defendants deny the averments in paragraph 91 of the Complaint, including because the term "tested" is vague and undefined, except admit that paragraph 91 appears to reference and partially quote from a public document and refer to that document for its full and accurate contents.

92. Defendants deny the averments in paragraph 92 of the Complaint, except admit that paragraph 92 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

93. Defendants deny the averments in paragraph 93 of the Complaint, except admit that paragraph 93 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

94. Defendants deny the averments in paragraph 94 of the Complaint, except admit that paragraph 94 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

95. Defendants deny the averments in paragraph 95 of the Complaint, except admit that paragraph 95 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

96. Defendants deny the averments in paragraph 96 of the Complaint, except admit that paragraph 96 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

97. Defendants deny the averments in paragraph 97 of the Complaint, except admit that paragraph 97 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

98. Defendants deny the averments in paragraph 98 of the Complaint, except admit that paragraph 98 appears to reference and partially quote from documents produced by Defendants and refer to those documents for their full and accurate contents.

99. Defendants deny the averments in paragraph 99 of the Complaint, except admit that paragraph 99 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

100. Defendants deny the averments in paragraph 100 of the Complaint, except admit that paragraph 100 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

101. Defendants deny the averments in paragraph 101 of the Complaint, except admit that paragraph 101 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

102. Defendants deny the averments in paragraph 102 of the Complaint.

103. Defendants state that the averments in paragraph 103 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 103 of the Complaint.

104. Defendants deny the averments in paragraph 104 of the Complaint, except admit that paragraph 104 appears to reference and partially quote from a document produced by Defendants and refer to that document for its full and accurate contents.

105. Defendants deny the averments in paragraph 105 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 105 of the Complaint as they pertain to

third parties, and admit that paragraph 105 appears to reference and partially quote from unidentified documents and refer to those documents for their full and accurate contents.

106. Defendants deny the averments in paragraph 106 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 106 of the Complaint as they pertain to third parties.

107. Defendants state that the averments in paragraph 107 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 107 of the Complaint, except admit that paragraph 107 appears to partially quote a public document and refer to that document for its full and accurate contents.

108. Defendants deny the averments in paragraph 108 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 108 of the Complaint as they pertain to third parties, and admit that paragraph 108 appears to partially quote from a public document and refer to that document for its full and accurate contents.

109. Defendants state that the averments in paragraph 109 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 109 of the Complaint.

110. Defendants state that the averments in paragraph 110 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 110 of the Complaint.

111. Defendants state that the averments in paragraph 111 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a

response is required, Defendants refer to the referenced statute for its complete contents.

112. Defendants state that the averments in paragraph 112 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 112 of the Complaint.

113. Defendants deny the averments in paragraph 113 of the Complaint.

114. Defendants state that the averments in paragraph 114 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 114 of the Complaint.

115. Defendants state that the averments in paragraph 115 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 115 of the Complaint.

116. Defendants state that the averments in paragraph 116 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 116 of the Complaint.

117. Defendants state that the averments in paragraph 117 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 117 of the Complaint.

118. Defendants state that the averments in paragraph 118 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 118 of the Complaint.

119. Defendants state that the averments in paragraph 119 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

120. Defendants state that the averments in paragraph 120 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

121. Defendants state that the averments in paragraph 121 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statutes for their complete contents.

122. Defendants state that the averments in paragraph 122 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statutes for their complete contents.

123. Defendants state that the averments in paragraph 123 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

124. Defendants state that the averments in paragraph 124 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 124 of the Complaint.

125. Defendants state that the averments in paragraph 125 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 125 of the Complaint.

126. Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

127. Defendants state that the averments in paragraph 127 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 127 of the Complaint.

128. Defendants state that the averments in paragraph 128 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 128 of the Complaint.

129. Defendants state that the averments in paragraph 129 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 129 of the Complaint.

130. Defendants state that the averments in paragraph 130 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

131. Defendants state that the averments in paragraph 131 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

132. Defendants state that the averments in paragraph 132 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

133. Defendants state that the averments in paragraph 133 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a

response is required, Defendants refer to the referenced statute for its complete contents.

134. Defendants state that the averments in paragraph 134 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

135. Defendants state that the averments in paragraph 135 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

136. Defendants state that the averments in paragraph 136 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

137. Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing. Defendants state that the averments in paragraph 137 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 137 of the Complaint.

138. Defendants state that the averments in paragraph 138 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 138 of the Complaint.

139. Defendants state that the averments in paragraph 139 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 139 of the Complaint.

140. Defendants state that the averments in paragraph 140 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 140 of the Complaint.

141. Defendants state that the averments in paragraph 141 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 141 of the Complaint.

142. Defendants state that the averments in paragraph 142 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

143. Defendants state that the averments in paragraph 143 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

144. Defendants state that the averments in paragraph 144 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

145. Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

146. Defendants state that the averments in paragraph 146 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 146 of the Complaint.

147. Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

148. Defendants state that the averments in paragraph 148 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statutes for their complete contents.

149. Defendants state that the averments in paragraph 149 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

150. Defendants state that the averments in paragraph 150 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

151. Defendants state that the averments in paragraph 151 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 151 of the Complaint.

152. Defendants state that the averments in paragraph 152 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 152 of the Complaint.

153. Defendants state that the averments in paragraph 153 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 153 of the Complaint.

154. Defendants state that the averments in paragraph 154 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 154 of the Complaint.

155. Defendants state that the averments in paragraph 155 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 155 of the Complaint.

156. Defendants state that the averments in paragraph 156 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 156 of the Complaint.

157. Defendants state that the averments in paragraph 157 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 157 of the Complaint.

158. Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

159. Defendants state that the averments in paragraph 159 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

160. Defendants state that the averments in paragraph 160 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

161. Defendants state that the averments in paragraph 161 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 161 of the Complaint.

162. Defendants state that the averments in paragraph 162 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a

response is required, Defendants deny the averments in paragraph 162 of the Complaint.

163. Defendants state that the averments in paragraph 163 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 163 of the Complaint.

164. Defendants state that the averments in paragraph 164 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

165. Defendants state that the averments in paragraph 165 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

166. Defendants state that the averments in paragraph 166 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 166 of the Complaint and refer to the referenced statute for its complete contents.

167. Defendants state that the averments in paragraph 167 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 167 of the Complaint and refer to the referenced statute for its complete contents.

168. Defendants state that the averments in paragraph 168 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 168 of the Complaint.

169. Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

170. Defendants state that the averments in paragraph 170 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 170 of the Complaint.

171. Defendants state that the averments in paragraph 171 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 171 of the Complaint.

172. Defendants state that the averments in paragraph 172 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 172 of the Complaint.

173. Defendants state that the averments in paragraph 173 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 173 of the Complaint.

174. Defendants state that the averments in paragraph 174 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 174 of the Complaint.

175. Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

176. Defendants state that the averments in paragraph 176 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 176 of the Complaint.

177. Defendants state that the averments in paragraph 177 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a

response is required, Defendants deny the averments in paragraph 177 of the Complaint.

178. Defendants state that the averments in paragraph 178 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 178 of the Complaint.

179. Defendants state that the averments in paragraph 179 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 179 of the Complaint.

180. Defendants state that the averments in paragraph 180 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 180 of the Complaint.

181. Defendants state that the averments in paragraph 181 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 181 of the Complaint and refer to the referenced statute for its complete contents.

182. Defendants state that the averments in paragraph 182 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 182 of the Complaint.

183. Defendants state that the averments in paragraph 183 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 183 of the Complaint and refer to the referenced statute for its complete contents.

184. Defendants state that the averments in paragraph 184 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a

response is required, Defendants deny the averments in paragraph 184 of the Complaint and refer to the referenced statutes for their complete contents.

185. Defendants state that the averments in paragraph 185 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 185 of the Complaint and refer to the referenced statute for its complete contents.

186. Defendants state that the averments in paragraph 186 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 186 of the Complaint and refer to the referenced statute for its complete contents.

187. Defendants state that the averments in paragraph 187 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 187 of the Complaint and refer to the referenced statute for its complete contents.

188. Defendants state that the averments in paragraph 188 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 188 of the Complaint and refer to the referenced statute for its complete contents.

189. Defendants state that the averments in paragraph 189 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 189 of the Complaint and refer to the referenced statute for its complete contents.

190. Defendants state that the averments in paragraph 190 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 190 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny each and every averment set forth in Plaintiffs' Prayer for Relief and each and every averment contained in the Complaint which is not specifically admitted to herein. Defendants further deny that Plaintiffs are entitled to the relief requested or any other relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

### First Defense

Plaintiffs' claims are barred to the extent that the state statutes or laws relied upon conflict with, and are therefore preempted by, the FTC's Rule on Unfair or Deceptive Fees, 16 C.F.R. Part 464.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands because Plaintiffs are belatedly, selectively, arbitrarily, and unequally enforcing the BOTS Act and the FTC Act against Defendants.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, because the acts of other individuals and entities other than Defendants, including scalpers and bot operators, constitute the intervening and superseding cause of any damage, loss, or detriment Plaintiffs allegedly suffered.

### Fourth Defense

Plaintiffs' prayers for relief are barred, in whole or in part, by Defendants' good faith and the absence of intentional misconduct and reckless or negligent conduct, including because Defendants' good faith and lack of willfulness are factors considered by the Court in determining whether the civil penalties and permanent injunctive relief sought by Plaintiffs are appropriate remedies.

**Fifth Defense**

The relief sought by Plaintiffs would be inequitable, impractical, and unworkable because the acts of scalpers, bot operators, and other individuals and entities other than Defendants constitute the intervening and superseding cause of any injury consumers allegedly suffered.

**Sixth Defense**

The relief sought by Plaintiffs, including but not limited to restitution, is barred, in whole or in part, because it lacks a sufficient causal connection to Defendants' alleged conduct due to (1) the acts of other individuals and entities other than Defendants, including scalpers and bot operators, that constitute intervening and superseding cause; and (2) the inability to sufficiently trace secondary ticket transactions to primary ticket purchases allegedly made on the Ticketmaster platform in violation of the BOTS Act.

**Seventh Defense**

Defendants are not liable for civil penalties or any other monetary relief attributable to the responsibility, negligence, or fault of any other person or entity, whether named or unnamed in the Complaint, such as scalpers and bot operators, and any such relief shall be apportioned accordingly.

**Eighth Defense**

Plaintiffs' claims are barred, in whole or in part, because the BOTS Act is unconstitutionally vague as applied by Plaintiffs to Defendants' alleged conduct, including as to the scope of the terms "circumvent" and "sell or offer to sell" in the statute. Applying the BOTS Act against Defendants' alleged conduct violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**Ninth Defense**

Plaintiffs' claims are barred, in whole or in part, because the FTC failed to provide fair notice that Defendants' alleged conduct violated the BOTS Act as

required by the Due Process Clause, including because from the enactment of the BOTS Act in 2016, until the instant action, the FTC has never brought an enforcement action against a ticketing platform under the statute.

**Tenth Defense**

The Complaint violates the Equal Protection Clause because Plaintiffs are selectively, arbitrarily, and unequally enforcing the BOTS Act and the FTC Act against Defendants.

**Eleventh Defense**

Plaintiffs' claims are barred, in whole or in part, because they seek to expand Plaintiffs' power to regulate the ticket resale industry without the approval of Congress. Plaintiffs' proposed interpretation of the BOTS Act improperly extends enforcement to ticket resale platforms. The major questions doctrine precludes Plaintiffs from assuming this authority absent clear statutory authorization.

**Twelfth Defense**

Plaintiffs' claims for civil penalties under the FTC Act, 15 U.S.C. § 45(m)(1)(A), as well as their claims under the FTC Act, 15 U.S.C. § 45(a), and their state law claims, are barred, in whole or in part, by the applicable statutes of limitations.

Dated: October 29, 2026

Respectfully submitted,

LATHAM & WATKINS LLP
Michael H. Rubin
Scott D. Joiner
Alexander C.K. Wyman
Will Schildknecht
Max A. Shapiro

SIDLEY AUSTIN LLP
Benjamin M. Mundel

By <u>*/s/ Michael H. Rubin*</u>
Michael H. Rubin

Attorneys for Defendants
Live Nation Entertainment, Inc. and
Ticketmaster L.L.C.