CLAIRE E. W. STEWART (*pro hac vice*)
cstewart@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5615 (Stewart)

Local Counsel:
AARON M. SCHUE (CA BAR NO. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

[Additional Attorneys for Plaintiffs
Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No. 2:25-CV-08884<br><br>**NOTICE OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES 1-3 AND 5-11; MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**<br><br>*[Declaration of Claire E.W. Stewart filed concurrently herewith]*<br><br>**Date:** January 7, 2027<br>**Time:** 10:00 AM<br>**Place:** Courtroom 8B |

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs, the Federal Trade Commission ("FTC") and Colorado, Florida, Illinois, Nebraska, Tennessee, Utah, and Virginia ("Plaintiff States") (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(f), respectfully move this Court for an Order striking affirmative defenses numbered 1-3 and 5-11 from the Amended Answer of Defendants Live Nation Entertainment, Inc. and Ticketmaster, LLC (collectively, "Defendants").

As set forth herein, Defendants, through counsel, filed an Amended Answer to Plaintiffs' Complaint ("Complaint") on October 29, 2026. ECF-147. Consistent with Local Rule 7-3 and this Court's Civil Standing Order (Section VIII.A.), Plaintiffs met and conferred with counsel for Defendants on November 20, 2026, regarding the potential for filing the instant motion, its grounds, and the supporting law. A supporting declaration of Claire E. W. Stewart is included as an attachment to this Notice. A proposed order is also lodged as an attachment to this Notice.

This Motion is based on this Notice of Motion, any supplemental memoranda that may be filed in connection with the Motion, the pleadings and papers on file in this action, and on such oral argument and other matters as the Court may properly consider at the hearing of this Motion.

Dated: November 19, 2026

By: /s/ *Claire E. W. Stewart*
Elizabeth C. Scott (*pro hac vice)*
escott@ftc.gov
Taylor H. Arana (*pro hac vice)*
tarana@ftc.gov
Claire E. W. Stewart (*pro hac vice)*
cstewart@ftc.gov
Guy G. Ward (*pro hac vice* forthcoming)
gward@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: 312-960-5609 (Scott)
312-960-5639 (Arana)
312-960-5615 (Stewart)
312-960-5601 (Ward)
Fax: 312-960-5600

Local Counsel:
Aaron M. Schue (CA Bar No. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for the Federal Trade Commission*

/s/ *Brady J. Grassmeyer*
Brady J. Grassmeyer (*pro hac vice*)
Brady.Grassmeyer@coag.gov
Senior Assistant Attorney General
1300 Broadway, 10th Floor

Respectfully Submitted,

/s/ *Donna C. Valin*
Donna Cecilia Valin (*pro hac vice*)
Email:
donna.valin@myfloridalegal.com
Consumer Protection Division
135 West Central Blvd.
Orlando, Florida 32801
Telephone: (407) 316-4840

Victoria Anne Butler
Email:
victoria.butler@myfloridalegal.com
3507 East Frontage Road, Suite 325
Tampa, Florida 33607
Telephone: (812) 287-7950

Henry Q. Johnson
Email:
henry.johnson@myfloridalegal.com
110 SE 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Telephone (954) 712-4600

*Attorneys for the State of Florida*

/s/ *Alexandra A. Golota*
ALEXANDRA A. GOLOTA (*pro hac vice*)
alexandra.golota@ilag.gov
Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street, 26th Floor
Chicago, Illinois 60603
Telephone: (872) 272-0794 (Golota)

Denver, CO 80203
Telephone: (720) 508-6263

*Attorney for the Attorney General of Colorado*

/s/ *Benjamin J. Swanson*
Benjamin J. Swanson (*pro hac vice*)
benjamin.swanson@nebraska.gov
Michael Greenlee (*pro hac vice forthcoming*)
Michael.Greenlee@Nebraska.gov
Assistant Attorneys General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
Telephone: (402) 471-3840

*Attorneys for the State of Nebraska*

/s/ *Peishen Zhou*
Peishen Zhou (*pro hac vice*)
peishenzhou@agutah.gov
Assistant Attorney General
Robert Wing (*pro hac vice*)
Rgwing@agutah.gov
Director, Commercial Enforcement Div.
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, UT 84114
Telephone: (385) 499-1963

(224) 252-6458 (Person)

*Attorneys for the State of Illinois*

/s/ *Kristine Knowles*
KRISTINE KNOWLES (*pro hac vice*)
Kristine.Knowles@ag.tn.gov
KELLEY GROOVER (*pro hac vice*)
Kelley.Groover@ag.tn.gov
DAIMON S. DUGGAR (*pro hac vice*)
Daimon.Duggar@ag.tn.gov
OFFICE OF THE TENNESSEE ATTORNEY GENERAL
Public Protection Division
301 6th Ave. North
Nashville, TN 37243
Telephone: (615) 741-1671
Fax: 1-615-523-3810

*Attorneys for the State of Tennessee*

/s/ *Chandler P. Crenshaw*
CHANDLER P. CRENSHAW (*pro hac vice*)
CCrenshaw@oag.state.va.us
Assistant Attorney General and Unit Manager
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Fax: (804) 786-0122

*Attorney for Plaintiff Commonwealth of Virginia*

*Attorneys for the State of Utah and the Utah Division of Consumer Protection*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ 7

MEMORANDUM OF POINTS & AUTHORITIES ............................................. 12

ARGUMENT ........................................................................................... 14

I. Defendants' Affirmative Defenses 1, 3, 5-7, And 11 Fail as a Matter of Law. 14

a. Defendants' First Defense Is Legally Insufficient. ................................... 15

b. Defenses 3, 5-7, and 11 Are Improper Negative Defenses. ......................... 16

c. Defendants' Second Defense of Waiver, Estoppel, Laches, And Unclean Hands Is Generally Unavailable Against the Government in Civil Enforcement Actions. ........................................................................................... 20

II. Defendants' Constitutional Defenses 8-10 Do Not Provide Fair Notice And Are Insufficiently Pled. ......................................................................... 24

CONCLUSION ........................................................................................ 31

# TABLE OF AUTHORITIES

## Cases

*Accu Casting Co. Inc. v. Yunhong Zou,* No. 2:22-CV-05377 MEMF (AFMX), 2023 WL 6783302 (C.D. Cal. May 19, 2023).................... 14, 15, 16, 17, 18, 20, 24, 29

*AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943 (N.D. Cal. 2015)..........................22

*Am. Fin. Servs. Ass'n v. FTC*, 767 F.2d 957 (D.C. Cir. 1985).................................15

*Ass'n of Nat'l Advertisers, Inc. v. FTC*, 627 F.2d 1151 (D.C. Cir. 1979).................16

*Baccei v. United States*, 632 F.3d 1140 (9th Cir. 2011)..........................................21

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010)........................................................................ 13, 14

*Boutilier v. INS*, 387 U.S. 118 (1967)..................................................................25

*Church of Scientology of Cal. v. CIR*, 823 F.2d 1310 (9th Cir. 1987)......................28

*Davis v. Hollywood & Ivar, LLC*, No. 221CV01235VAPJPRX, 2021 WL 4816823, (C.D. Cal. Aug. 30, 2021) ........................................................................13

*Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221 (9th Cir. 2012).......22

*FTC v. Am. Tax Relief, LLC*, No. CV11-6397 DSF (PJWX), 2011 WL 13135578 (C.D. Cal. Oct. 19, 2011) ................................................................ 21, 24, 30

*FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297 (W.D. Wash. 2024)………...25, 26

*FTC v. Amazon.com, Inc.*, No. 2:23-cv-000932-JHC, 2025 WL 2677086 (W.D. Wash. Sept. 17, 2025) ........................................................................ 25, 26

*FTC v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 WL 197357 (D. Conn. Jan. 25, 2006) .........................................................................22

*FTC v. Celsius Network, Inc.*, No. 23CV6009 (DLC), 2024 WL 1619360 (S.D.N.Y. Apr. 12, 2024)............................................................................... 17, 18

*FTC v. Com. Planet, Inc.,* No. SACV 9-01324-CJC (RNBX), 2010 WL 11673795, (C.D. Cal. July 6, 2010). ....................................................................... 21, 23

*FTC v. Day Pacer LLC*, 125 F.4th 791 (7th Cir. 2025)..........................................29

*FTC v. Day Pacer LLC*, No. 19-cv-01984, 2020 WL 12630538 (N.D. Ill. Feb. 28, 2020) ............ 29, 30

*FTC v. Debt Sols., Inc.*, No. C06-298JLR, 2006 WL 2257022 (W.D. Wash. Aug. 7, 2006) ............ 22

*FTC v. Forensic Case Mgmt. Servs., Inc.*, No. CV 11-7484-RGK (SSX), 2012 WL 13134767 (C.D. Cal. Nov. 15, 2012) ............ 14, 17

*FTC v. Green Equitable Sols.*, No. 2:22-CV-06499-FLA (MARX), 2023 WL 7107273 (C.D. Cal. Sept. 29, 2023) ............ 20, 22, 23

*FTC v. Key Inv. Grp. LLC*, 831 F. Supp. 3d 377 (D. Md. 2026) ............ 26

*FTC v. LendingClub Corp.*, No. 18-cv-02454-JSC, 2019 WL 7488991 (N.D. Cal. Apr. 29, 2019) ............ 27

*FTC v. Lights of Am. Inc.*, No. SACV 10-1333 JVS (MLGx), 2011 WL 13308569 (C.D. Cal. Apr. 29, 2011) ............ 18

*FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996 (N.D. Cal. Nov. 2, 2022) ............ 24, 27, 29

*FTC v. Moneymaker*, No. 2:11-CV-461 JCM (RJJ), 2011 WL 3290379 (D. Nev. July 28, 2011) ............ 22

*FTC v. Universal Premium Servs., Inc.*, No. CV 06-0849 SJO (OPX), 2006 WL 8442141 (C.D. Cal. Sept. 19, 2006) ............ 24

*FTC v. Vemma Nutrition Co.*, No. CV-15-01578-PHX-JJT, 2016 WL 3548762 (D. Ariz. June 30, 2016) ............ 17

*FTC v. Vyera Pharms., LLC*, No. 20cv00706 (DLC), 2020 WL 7695828 (S.D.N.Y. Dec. 28, 2020) ............ 19

*FTC v. Walmart Inc.*, 664 F. Supp. 3d 808 (N.D. Ill. 2023) ............ 25

*FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015) ............ 25, 26, 27

*Gilles v. Ford Motor Co.*, 24 F. Supp. 3d 1039 (D. Colo. 2014) ............ 16

*Innovative Sports Mgmt., Inc. v. Mattis*, No. CV 22-08090 TJH (KSX), 2023 WL 12318695 (C.D. Cal. May 8, 2023) ............ 18

*Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)........................................27

*Madigan ex rel. Dep't of Healthcare & Family Servs. v. Yballe*, 920 N.E.2d 1112 (Ill. App. Ct. 2009)........................................20

*Mattox v. Watson*, No. CV 07-5006-RGK (RZx), 2007 WL 4200213 (C.D. Cal. Nov. 15, 2007)........................................21

*In Re: Rawson Food Serv., Inc.*, 846 F.2d 1343 (9th Cir. 1988)........................................14

*Rizo v. Yovino*, 950 F.3d 1217 (9th Cir. 2020)........................................18

*Rosen v. Masterpiece Mktg. Grp. LLC*, 222 F. Supp. 3d 793 (C.D. Cal. 2016)13, 15

*SEC v. Christian Stanley, Inc.*, No. CV 11-7147-GHK (MANx), 2012 WL 13012479 (C.D. Cal. June 4, 2012)........................................28

*SEC v. Culpepper*, 270 F.2d 241 (2d Cir. 1959)........................................22

*SEC v. KPMG LLP*, No. 03 Civ 671(DLC), 2003 WL 21976733 (S.D.N.Y. Aug. 20, 2003)........................................23

*SEC v. Payward, Inc.*, 763 F. Supp. 3d 901 (N.D. Cal. 2025)........................................19

*SEC v. Sands*, 902 F. Supp. 1149 (C.D. Cal. 1995)........................................23

*SEC v. W. Int'l Sec., Inc.*, No. 2:22-cv-04119-ODW (AFMx), 2023 WL 2480732 (C.D. Cal. Mar. 13, 2023)........................................28, 30

*Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009)........................................23

*Tennessee ex rel. Skrmetti v. Ideal Horizon Benefits, LLC*, No. 3:23-CV-00046-DCLC-JEM, 2023 WL 6064529 (E.D. Tenn. Aug. 22, 2023)........................................20

*United States v. Armstrong*, 517 U.S. 456 (1996)........................................28, 29, 30

*United States v. Cherokee Nation of Okla.*, 480 U.S. 700 (1987)........................................23

*United States v. Google, LLC*, 692 F. Supp. 3d 583 (E.D. Va. 2023)........................................28, 31

*United States v. Marolf*, 173 F.3d 1213 (9th Cir. 1999)........................................22

*United States v. Menatos*, 925 F.2d 333 (9th Cir. 1991)........................................22

*United States v. Philip Morris Inc.*, 263 F. Supp. 2d 72 (D.D.C. 2003)........................................15

*United States v. Ruby Co.*, 588 F.2d 697 (9th Cir. 1978)........................................21, 22

*United States v. Sellers*, 906 F.3d 848 (9th Cir. 2018) ................................ 28, 29, 30
*United States v. Stratics Networks Inc.*, 721 F. Supp. 3d 1080 (S.D. Cal. 2024)......25
*Utah Cnty. v. Baxter*, 635 P.2d 61 (Utah 1981).....................................................20
*V Bar Ranch LLC v. Cotten,* 233 P.3d 1200 (Colo. 2010).......................................20
*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982)....25
*Washington v. Adams Cty. Sheriff's Off.*, No. 2:25-CV-99-RLP, 2025 WL 1762373 (E.D. Wash. June 25, 2025) .........................................................................19
*Washington v. Alderwood Surgical Ctr., LLC*, No. C22-1835RSM, 2023 WL 3687053 (W.D. Wash. May 26, 2023) ..............................................................23
*Watkins v. U.S. Army*, 875 F.2d 699 (9th Cir. 1989) ..............................................20
*West Virginia v. EPA*, 597 U.S. 697 (2022)..........................................................19
*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010)........................13
*Wilkins v. United States*, 163 F.4th 636 (9th Cir. 2025) ..........................................19

**Statutes**

15 U.S.C. § 45(a).....................................................................................................12
15 U.S.C. § 45c.........................................................................................................12
15 U.S.C. § 45c(a)(1)...................................................................................... 17, 25
15 U.S.C. § 57a(a)(1)(B) ........................................................................................16
15 U.S.C. § 78u(d)(7)..............................................................................................29
17 U.S.C. § 1201(a)(3)(A).......................................................................................26

**Rules**

Fed. R. Civ. P. 12(f)........................................................................... 12, 13, 27
Fed. R. Civ. P. 15(a)(1).............................................................................................12
Fed. R. Civ. P. 8(c) ..................................................................................................14

**Regulations**

16 C.F.R. § 464.4(a) ....................................................................................15

16 C.F.R. pt. 464 ..........................................................................................15

# MEMORANDUM OF POINTS & AUTHORITIES

## INTRODUCTION

Plaintiffs move this Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike Defendants' affirmative defenses 1-3 and 5-11 because they are either legally or factually deficient or, in some instances, both. First, several defenses are improper or negative defenses that simply attack Plaintiffs' case-in-chief, deny the Complaint's allegations, or improperly seek to resurrect arguments already disposed of by this Court's order on the motion to dismiss. ECF-127. Second, several defenses are generally not available in government civil enforcement actions, and even if they were available here, they must be supported by factual allegations that are entirely absent from Defendants' Amended Answer. The remaining constitutional defenses are insufficiently pled and fail to adequately put Plaintiffs on notice of the defenses. For these reasons, the Court should strike ten of the affirmative defenses, with prejudice where they cannot be cured, because Defendants have already exercised their right under Rule 15(a)(1) to amend their answer. If not stricken, Defendants' affirmative defenses will prolong the litigation, lead to wasteful discovery, and unnecessarily consume the parties' and the Court's resources.

## PROCEDURAL HISTORY

On September 18, 2026, Plaintiffs filed this action, alleging, *inter alia*, that Defendants have violated Section 5 of the FTC Act, 15 U.S.C. § 45(a), and several state laws by (1) displaying deceptively low ticket prices to consumers and charging consumers much more, and (2) deceptively representing that they impose strict ticket-purchasing limits for individual events, which artists and consumers rely on. Plaintiffs also allege that Defendants have systematically violated the Better Online Ticket Sales Act of 2016, 15 U.S.C. § 45c (the "BOTS Act"), by selling or offering to sell tickets obtained in circumvention of measures used to enforce posted ticket-purchasing limits or purchasing rules when Defendants either participated directly in

or had the ability to control such circumvention, or knew or should have known that the tickets were acquired by those means. ECF-67-1.

Defendants moved to dismiss all counts and appeared before the Court for oral argument on the motion on February 19, 2026. On September 28, 2026, the Court denied in full Defendants' motion to dismiss. ECF-127. Defendants answered the Complaint on October 13, 2026, averring sixteen "Affirmative Defenses" and a statement of "Defenses Reserved." ECF-135 at 34-36. On October 29, 2026, Defendants filed an Amended Answer, averring a similar set of twelve "Affirmative Defenses." ECF-147 at 34-36. Because ten of Defendants' amended affirmative defenses lack legal basis, Plaintiffs request that the Court grant this Motion to strike them.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Striking "redundant" negative defenses "simplif[ies] and streamline[s] the litigation," including by reducing overlapping discovery and removing duplicative issues that must be resolved before judgment. *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

Affirmative defenses may fail as a matter of pleading. When evaluating whether an affirmative defense is adequately pled, district courts in the Ninth Circuit have applied both the "fair notice" standard and the heightened pleading standard set forth in *Twombly* and *Iqbal* to affirmative defenses. *See Davis v. Hollywood & Ivar, LLC*, No. 221CV01235VAPJPRX, 2021 WL 4816823, at *2 (C.D. Cal. Aug. 30, 2021) (citing *Rosen v. Masterpiece Mktg. Grp. LLC*, 222 F.

Supp. 3d 793, 798 (C.D. Cal. 2016) ("Courts appear to be divided as to the amount of factual information that must be pled in support of an affirmative defense to satisfy the 'short and plain statement' requirement of Rule 8")). However, even under the less stringent standard, defendants must plead facts sufficient to make apparent how a defense applies. *Accu Casting Co. Inc. v. Yunhong Zou*, No. 2:22-CV-05377 MEMF (AFMX), 2023 WL 6783302, at *6 (C.D. Cal. May 19, 2023) ("…if it is not apparent how the defense applies, and facts are necessary to give the other party fair notice, an affirmative defense is not adequately pled absent factual context"). Such inadequately pled defenses are subject to being stricken.

An affirmative defense may also fail as a matter of law, even if it is adequately pled. *Accu*, 2023 WL 6783302, at *6. "[A]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes*, 718 F. Supp. 2d at 1170 (cleaned up). In other words, an affirmative defense raises matters extraneous to a plaintiff's *prima facie* case. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1348-49 (9th Cir. 1988); *FTC v. Forensic Case Mgmt. Servs., Inc.*, No. CV 11-7484-RGK (SSX), 2012 WL 13134767, at *2-3 (C.D. Cal. Nov. 15, 2012). For this reason, district courts within the Ninth Circuit commonly strike purported affirmative defenses that are "not true affirmative defenses." *Accu*, 2023 WL 6783302, at *6 (collecting cases). An affirmative defense might also fail as a matter of law and be stricken if it cannot possibly apply to the claims at hand. *Id.* (citations omitted). Improper affirmative defenses should be stricken without leave to amend. *Id.* at *6 n.8 (noting that "defenses that are not proper affirmative defenses at all obviously may not be amended.").

## ARGUMENT

### I. Defendants' Affirmative Defenses 1, 3, 5-7, And 11 Fail as a Matter of Law.

**a. Defendants' First Defense Is Legally Insufficient.**

Preemption (Defense 1). The First Defense alleges that the FTC's Rule on Unfair or Deceptive Fees, 16 C.F.R. pt. 464 (the "Fees Rule")—which is not the basis for any of Plaintiffs' claims—preempts unspecified "state statutes and laws." ECF-147 at 34. As an initial matter, the First Defense fails to provide fair notice of which state laws are assertedly preempted. *Cf. Rosen*, 222 F. Supp. 3d at 804 (no fair notice where defendant did not identify which causes of action were "barred"); *Accu*, 2023 WL 6783302, at *7 (same).

Even setting aside that threshold pleading deficiency, the First Defense is legally insufficient. As a general matter, "[s]tate prohibitions of unfair or deceptive trade practices are not preempted unless they conflict with an express FTC rule." *United States v. Philip Morris Inc.*, 263 F. Supp. 2d 72, 78 (D.D.C. 2003) (emphasis omitted) (citing *Am. Fin. Servs. Ass'n v. FTC*, 767 F.2d 957, 989-90 (D.C. Cir. 1985)). Here, the Fees Rule expressly provides that it "will not be construed as superseding, altering, or affecting any State statute, regulation, order, or interpretation relating to unfair or deceptive fees or charges, except to the extent" of any "inconsistency" 16 C.F.R. § 464.4(a); *see also* Trade Regulation Rule on Unfair or Deceptive Fees, 90 Fed. Reg. 2066, 2106 (Jan. 10, 2025) (hereinafter "Final Fees Rule") (explaining that the Fees Rule does not preempt state laws providing "greater protections" or "lesser protections," but only state laws that "provide[] conflicting requirements" such that "a business cannot comply with both," or where the state laws are "an obstacle to achieving the full purposes and objectives of the [R]ule"—and, even then, "only to the extent of that conflict or obstacle").

The First Defense does not provide fair notice that any of the state consumer protection statutes invoked in the Complaint meets the high standard for preemption, nor could it. As the Court held when denying Defendants' motion to dismiss, the State Plaintiffs rely on state laws that parallel Section 5 of the FTC Act in prohibiting unfair and deceptive acts and practices. *See* ECF-127 at 27 ("[E]ach state

statute claimed to be violated parallels the FTC Act."). All of these state statutes are consistent with the Fees Rule because the Fees Rule was promulgated under the FTC's statutory authority to prescribe "rules that define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce" and therefore violate Section 5. 15 U.S.C. § 57a(a)(1)(B); *see* Final Fees Rule, 90 Fed. Reg. at 2071 (identifying the Fees Rule's legal basis). As a matter of basic logic, a rule "specif[ying]" conduct that already falls within a general prohibition cannot also be inconsistent with that prohibition. 15 U.S.C. § 57a(a)(1)(B); *see Ass'n of Nat'l Advertisers, Inc. v. FTC*, 627 F.2d 1151, 1159 (D.C. Cir. 1979) (explaining that the FTC Act "allows the Commission to enforce the broad command of section 5" through rulemaking). The Fees Rule is therefore, by definition, consistent with Section 5. Because all of the state consumer protection statutes are similar to Section 5—as the Court has already held—there is no possible inconsistency justifying preemption. Such arguments invoking other FTC rules have similarly been rejected. *See, e.g.*, *Gilles v. Ford Motor Co.*, 24 F. Supp. 3d 1039, 1047-48 (D. Colo. 2014) (FTC fuel economy labeling rules did not preempt Colorado state consumer protection act claims). Accordingly, because Defendants have not shown that preemption could "possibly apply to the claims at hand," the First Defense should be stricken. *Accu*, 2023 WL 6783302, at *6.

**b. Defenses 3, 5-7, and 11 Are Improper Negative Defenses.**

i. <u>Connection Between Defendants & Requested Relief (Defenses 3, 5-7)</u>. Defendants' Third, Fifth, Sixth, and Seventh Defenses all challenge the connection between Defendants' unlawful conduct and Plaintiffs' requested relief. Specifically, these defenses allege that actions of unnamed third-party "scalpers" and "bot operators" amount to "intervening" or "superseding" causes of consumer injury (Third, Fifth, and Sixth Defenses), thereby preventing Plaintiffs from "trac[ing]" injury attributable to Defendants (Sixth Defense), and requiring "apportion[ment]"

between Defendants and unnamed third parties (Seventh Defense). ECF-147 at 34-35.

These overlapping defenses should be stricken with prejudice, because they are not, in fact, "affirmative" defenses. Rather, courts have made clear that defenses that seek to blame unnamed third parties as intervening and superseding causes are improper *negative* defenses because they simply deny Defendants are responsible for consumer injury. *See Accu*, 2023 WL 6783302, at *7 (affirmative defense alleging "intervening and/or superseding cause" was "not an affirmative defense" and was stricken without leave to amend because it challenges "causation, an essential element of plaintiff's case in chief"); *FTC v. Celsius Network, Inc*., No. 23CV6009 (DLC), 2024 WL 1619360, at *2-3 (S.D.N.Y. Apr. 12, 2024) (striking defenses alleging that "third parties" broke the connection between defendant and "injuries suffered by the customers" because the defenses were "nothing more than denials of liability"); *FTC v. Vemma Nutrition Co.*, No. CV-15-01578-PHX-JJT, 2016 WL 3548762, at *2 (D. Ariz. June 30, 2016) (affirmative defense alleging that consumer harms were caused by "third parties over whom Defendants had no control or right to control" was stricken as "simply Defendants' denial of their own liability and thus wrapped up in the denials contained in Defendants' Answers"). Striking defenses premised on third-party conduct is especially appropriate here, where scalpers' and other third-party conduct is an essential element of Plaintiffs' BOTS Act claims. 15 U.S.C. § 45c(a)(1); *see* ECF-127 at 21 (holding that Plaintiffs stated a BOTS Act claim by, among other things, alleging that "scalpers and brokers bypassed [Defendants'] measures").

To the extent these four defenses seek only to challenge Plaintiffs' ability to prove damages attributable to Defendants, they similarly are nothing more than negative defenses asserting that Plaintiffs cannot prove an entitlement to monetary relief against Defendants. *See Forensic Case*, 2012 WL 13134767, at *2-3 (striking defense that "the FTC cannot connect the Relief Defendants to ill-gotten monies" as

improperly challenging the "FTC's *prima facie* case"); *cf. Accu*, 2023 WL 6783302, at *7 (striking a defense arguing that the plaintiff "cannot prove damages"). While Defendants may "wish[] to dispute [Plaintiffs'] allegation[s] that consumers have suffered substantial injury as a result of [Defendants'] conduct," they "ha[ve] already done so through their denial[s]" in their Amended Answer, such as at Paragraph 190. *FTC v. Lights of Am. Inc.*, No. SACV 10-1333 JVS (MLGx), 2011 WL 13308569, at *5 (C.D. Cal. Apr. 29, 2011); *see* ECF-147 ¶190 (Defendants denying that consumers have suffered substantial injury as a result of Defendants' violations of various statutes).

Thus, whether invoking unnamed third parties or more generally challenging the connection between Defendants' conduct and consumer harm, these four defenses are improper negative defenses and should be stricken without leave to amend. *See Accu*, 2023 WL 6783302, at *7; *see also Celsius Network*, 2024 WL 1619360, at *3.

<u>ii. Statutory Construction (Defense 11)</u>. Defendants' Eleventh Defense—that the BOTS Act does not apply to "ticket resale platforms"—should be stricken with prejudice both because it is an improper negative defense that challenges whether Plaintiffs can assert a BOTS Act claim against Defendants, and because it attempts to relitigate the proper interpretation of the BOTS Act, which the Court already decided when rejecting Defendants' motion to dismiss. *See* ECF-127 at 18-26.

Asserting that Plaintiffs cannot show that Defendants violated the BOTS Act because it does not apply to them is a negative rather than affirmative defense because it challenges Plaintiffs' case-in-chief. ECF-147 at 36; *cf. Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020) (en banc) (plaintiffs "bear[] the burden of establishing a prima facie" statutory violation); *Innovative Sports Mgmt., Inc. v. Mattis*, No. CV 22-08090 TJH (KSX), 2023 WL 12318695, at *2 (C.D. Cal. May 8, 2023) (striking with prejudice an affirmative defense alleging no statutory violation because it merely asserted that plaintiff could not "meet its burden of proof

regarding liability”); *Washington v. Adams Cty. Sheriff’s Off.*, No. 2:25-CV-99-RLP, 2025 WL 1762373, at *3 (E.D. Wash. June 25, 2025) (explaining that “prima facie proof of a statutory violation” generally “require[s] interpreting the contours of federal law”). Indeed, the Amended Answer already denies that Defendants violated the BOTS Act. *See* ECF-147 ¶¶124-25. Defendants’ passing reference to the “major questions doctrine,” ECF-147 at 36, does not somehow change the nature of the Eleventh Defense or alter the conclusion that it is simply a negative defense arguing about the proper way to read the BOTS Act. *Cf. West Virginia v. EPA*, 597 U.S. 697, 721-24 (2022) (explaining how the major questions doctrine is one tool of statutory interpretation).

Pleading this negative defense is especially inappropriate here because the Court’s opinion denying Defendants’ motion to dismiss already construed the BOTS Act to apply to Defendants’ platform, and the Court’s decision is now the law of the case. *See* ECF-127 at 21 (“The BOTS Act does not preclude platforms from facing liability, and the Court will not read it as doing so.”). “The law of the case doctrine generally precludes a court from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.” *Wilkins v. United States*, 163 F.4th 636, 644 (9th Cir. 2025) (alterations and quotation omitted). Affirmative defenses asserting a statutory construction already rejected in a prior decision in the case (such as on a motion to dismiss) are not viable. *Cf. SEC v. Payward, Inc.*, 763 F. Supp. 3d 901, 909-10 (N.D. Cal. 2025) (granting judgment under Rule 12(c) against an affirmative defense asserting the major questions doctrine because the Court had already rejected that argument when denying a motion to dismiss); *FTC v. Vyera Pharms., LLC*, No. 20cv00706 (DLC), 2020 WL 7695828, at *2-3 (S.D.N.Y. Dec. 28, 2020) (issue not “properly pleaded as an affirmative defense” where it was rejected “at the motion to dismiss stage”). Because it is an unviable negative defense, the Eleventh Defense should be stricken

with prejudice. *See Accu*, 2023 WL 6783302, at *6 n.8 (improper affirmative defenses may not be amended).

**c. Defendants' Second Defense of Waiver, Estoppel, Laches, And Unclean Hands Is Generally Unavailable Against the Government in Civil Enforcement Actions.**

The Second Defense that Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands should be stricken as insufficient as a matter of law. Federal courts have routinely held that estoppel, laches, and unclean hands are not recognized affirmative defenses against the government in civil suits to protect a public interest, where, as here, defendants have failed to allege "outrageous conduct," including, for example, "affirmative misconduct" and "conduct . . . so outrageous as to cause constitutional injury." *FTC v. Green Equitable Sols.*, No. 2:22-CV-06499-FLA (MARX), 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023) (citing *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989) (en banc)) (additional citations omitted); *see* discussion *infra* Section c.i-iv. These same principles apply for the state Plaintiffs. *See, e.g.*, *Utah Cnty. v. Baxter*, 635 P.2d 61, 65 (Utah 1981) ("Estoppel, waiver or laches ordinarily do not constitute a defense to a suit for injunctive relief by a governmental entity enforcing its laws.").[1]

In bringing this action under Section 5 of the FTC Act, the BOTS Act, and state consumer protection laws, Plaintiffs are protecting the public through enforcement of their consumer protection mission and, as the Court has held, have alleged plausible claims against Defendants. Moreover, allowing these defenses to proceed threatens to improperly "shift litigation attention and discovery towards the

---

[1] *See also Tennessee ex rel. Skrmetti v. Ideal Horizon Benefits, LLC*, No. 3:23-CV-00046-DCLC-JEM, 2023 WL 6064529, at *3 (E.D. Tenn. Aug. 22, 2023) (finding that "neither the defense of waiver nor the defense of laches is applicable in an action brought by the state."); *V Bar Ranch LLC v. Cotten*, 233 P.3d 1200, 1210 (Colo. 2010) (en banc) (estoppel defense available against a state agency only to prevent "manifest injustice" and only if party can show reliance on the agency action); *Madigan ex rel. Dep't of Healthcare & Family Servs. v. Yballe*, 920 N.E.2d 1112, 1122-23 (Ill. App. Ct. 2009) (doctrine of *laches* "does not apply to governmental entities absent extraordinary circumstances" because it could impair the functioning the government and thus, the public interest).

FTC's actions, rather than Defendants' actions." *FTC v. Am. Tax Relief, LLC*, No. CV11-6397 DSF (PJWX), 2011 WL 13135578, at *1 (C.D. Cal. Oct. 19, 2011).

i. Estoppel (Defense 2)

Even when an estoppel defense is permitted against the government, it can be asserted only if the governmental conduct complained of amounts to "affirmative misconduct." *FTC v. Com. Planet, Inc.,* No. SACV 9-01324-CJC (RNBX), 2010 WL 11673795, at *2 (C.D. Cal. July 6, 2010). The Ninth Circuit has interpreted affirmative misconduct as encompassing "affirmative misrepresentations" and "affirmative concealment of a material fact by the government." *United States v. Ruby Co.*, 588 F.2d 697, 704 (9th Cir. 1978). Neither mere inaction, nor negligence by the government will support a claim for equitable estoppel against it. *Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011). Even then, "estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." *Watkins*, 875 F.2d at 707 (internal quotation marks omitted). Defendants do not allege government misconduct, misrepresentations or concealment in this case. Instead, they make only a conclusory assertion in the Second Defense that Plaintiffs "belatedly, selectively, arbitrarily, and unequally" enforce the law against them. ECF-147 at 34. The defense of estoppel should accordingly be stricken.

Moreover, Defendants have failed to allege any of the other elements of traditional estoppel, also dooming their estoppel defense. *Mattox v. Watson*, No. CV 07-5006-RGK (RZx), 2007 WL 4200213, at *5 (C.D. Cal. Nov. 15, 2007) (striking affirmative defense of estoppel where defendants did not allege "the individual elements of an estoppel defense so as to alert [p]laintiff to the particular theory of estoppel being asserted"). For all these reasons, the affirmative defense of estoppel should be stricken.

ii. Laches (Defense 2)

Laches is "an equitable defense that prevents a plaintiff, who 'with full knowledge of the facts, acquiesces in a transaction and sleeps upon [their] rights.'" *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012) (citations omitted). The Ninth Circuit has held that the government is not subject to the defense of laches when enforcing its rights. *United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991) (superseded by statute on other grounds). To the extent laches can be asserted against the government, the Ninth Circuit has held that it should be "subject to at least the same strictures as estoppel." *Ruby*, 588 F.2d at 705 n.10. When allowed, the defense of laches requires the government to have engaged in affirmative misconduct. *Id.* As explained above regarding the estoppel defense, however, Defendants have not pled any facts indicating affirmative misconduct by the Plaintiffs. The laches affirmative defense should accordingly be stricken. *See Green Equitable*, 2023 WL 7107273, at *2 (striking laches and estoppel affirmative defenses); *FTC v. Moneymaker*, No. 2:11-CV-461 JCM (RJJ), 2011 WL 3290379, at *2 (D. Nev. July 28, 2011) (striking laches affirmative defense).

In addition, Defendants' laches defense also fails because they have not alleged the required elements of (1) inexcusable delay and (2) resulting prejudice. *United States v. Marolf*, 173 F.3d 1213, 1218 (9th Cir. 1999). For this additional reason, Defendants' laches defense should be stricken. *See AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 955-56 (N.D. Cal. 2015) (striking laches defense because defendant did not allege prejudice).

<u>iii. Waiver (Defense 2)</u>

Courts have held that waiver is likewise unavailable as an affirmative defense when the federal government is exercising its statutory power. *See, e.g., SEC v. Culpepper*, 270 F.2d 241, 248 (2d Cir. 1959) (SEC "may not waive the requirements of an act of Congress"); *FTC v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (concluding same for FTC); *FTC v. Debt Sols., Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7,

2006) (waiver unavailable to party seeking to avoid a FTC's exercise of statutory power).

Even if a waiver defense were available, here, Defendants have pled no facts to support one. When permitted, a waiver defense specifically requires allegations of an intentional relinquishment of sovereign authority. *Green Equitable*, 2023 WL 7107273, at *2 (citing *United States v. Cherokee Nation of Okla.*, 480 U.S. 700, 707 (1987) ("A waiver of sovereign authority will not be implied, but instead must be surrendered in unmistakable terms.") (internal quotation marks omitted)). Defendants have not alleged any facts indicating that the Plaintiffs unmistakably waived their authority to bring this action, nor could they. Accordingly, the Court should strike this affirmative defense. *See Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *5 (N.D. Cal. May 8, 2009) (striking waiver defense because defendants did not allege facts demonstrating that government expressly waived its rights against defendants); *SEC v. KPMG LLP.*, No. 03 Civ 671(DLC), 2003 WL 21976733, at *3-4 (S.D.N.Y. Aug. 20, 2003) (striking the affirmative defenses of estoppel, waiver, and unclean hands where underlying facts alleged by defendants were "insufficient as a matter of law to reflect an intentional relinquishment by the SEC of its right").

<u>iv. Unclean Hands (Defense 2)</u>

The defense of unclean hands has also been rejected as an affirmative defense against a government agency acting in the public interest. *See SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). Where allowed, courts have recognized that a defendant must allege conduct "so outrageous as to cause constitutional injury." *Id.*; Defendants fail to plead any such facts, and by no measure allege the "egregiousness" needed to demonstrate that any resulting prejudice to Defendants rises "to a constitutional level." *Com. Planet*, 2010 WL 11673795, at *3 (citing *Sands,* 902 F. Supp. at 1166). As a result, like the rest of the Second Defense, the defense of unclean hands should be stricken. *Washington v. Alderwood Surgical*

*Ctr., LLC*, No. C22-1835RSM, 2023 WL 3687053, at *2-3 (W.D. Wash. May 26, 2023); *see also FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996, at *8 (N.D. Cal. Nov. 2, 2022) (striking defendant's unclean hands and estoppel defenses because they did not provide notice "even under the most liberal of pleading standard, much less under the additional pleading requirements for asserting equitable defenses against the government" (citation omitted)); *FTC v. Universal Premium Servs., Inc.*, No. CV 06-0849 SJO (OPX), 2006 WL 8442141, at *3–4 (C.D. Cal. Sept. 19, 2006) (striking defenses and noting that "[a]gainst the government, where it is so hard to successfully assert estoppel, waiver, laches, and unclean hands . . . the failure to provide sufficient notice to the plaintiff is even less excusable.").

**II. Defendants' Constitutional Defenses 8-10 Do Not Provide Fair Notice And Are Insufficiently Pled.**

Defendants' affirmative defenses invoking constitutional guarantees of due process and equal protection also should be stricken because they fail to provide fair notice of how these complex, fact-intensive defenses apply, or how Defendants could possibly meet the high standards to prove them. *Accu*, 2023 WL 6783302, at *6 ("[I]f it is not apparent how [a] defense applies, and facts are necessary to give the other party fair notice, an affirmative defense is not adequately pled absent factual content."). Allowing these insufficiently pled defenses to proceed past this initial stage would risk improperly "shift[ing] litigation attention" away from "Defendants' actions." *Am. Tax Relief*, 2011 WL 13135578, at *1. Because amendment appears futile, with Defendants having already amended their answer, these defenses should be stricken with prejudice.

<u>Due Process (Defenses 8-9).</u> The Eighth and Ninth Defenses both assert the same defense, alleging the BOTS Act is unconstitutionally vague in violation of the Constitution's guarantee of due process. ECF-147 at 35-36. Neither redundant

defense provides fair notice of any viable due process defense against the BOTS Act claims.

The Eighth Defense faces a high bar to state a vagueness challenge against the BOTS Act: "In the context of civil statutes regulating economic activities, . . . a law is unconstitutionally vague only where it is 'so vague and indefinite as really to be no rule or standard at all.'" *FTC v. Amazon.com, Inc.*, No. 2:23-cv-000932-JHC, 2025 WL 2677086, at *15 (W.D. Wash. Sept. 17, 2025) (quoting *Boutilier v. INS*, 387 U.S. 118, 123 (1967)) (noting that the same legal test is used to evaluate "as-applied and facial vagueness challenges"). Defendants are "entitled to a relatively low level of statutory notice for several reasons," including because the BOTS Act "does not implicate any constitutional rights"; because it "is a civil rather than criminal statute"; and because "'businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action.'" *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 255 (3d Cir. 2015) (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)); *see also FTC v. Walmart Inc.*, 664 F. Supp. 3d 808, 840-41 (N.D. Ill. 2023) (holding that an FTC defendant was "entitled to the lowest level of notice under the Due Process Clause").

Defendants' sparely pleaded Eighth Defense wholly fails to clear the high bar. The Eighth Defense focuses on two statutory terms—"circumvent" and "sell or offer to sell," ECF-147 at 35 (quoting 15 U.S.C. § 45c(a)(1))—both of which the Court already has construed to include the conduct alleged in the Complaint under their plain meanings. ECF-127 at 19-23. Defendants' disagreement with the Court's holding is not an affirmative defense. *See United States v. Stratics Networks Inc.*, 721 F. Supp. 3d 1080, 1112 (S.D. Cal. 2024) (rejecting notion that a defendant's "disagreement with the FTC's interpretation" makes a law "impermissibly vague").

Defendants' vagueness defense is further undermined by their own prior arguments. In their motion to dismiss briefing, Defendants repeatedly described the

BOTS Act's language as "clear," ECF-55 at 20; ECF-70 at 11, 13; *see also* ECF-67-1 ¶80 (alleging that Defendants made a public statement indicating the BOTS Act applies to ticket resale platforms), and analogized to other statutes' use of similar terms, *see* ECF-127 at 20 (rejecting Defendants' analogy to the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(3)(A)), which—together with the Court's clear construction of the statute in its opinion denying the motion to dismiss—fatally undermine the Eighth Defense of unconstitutional vagueness as currently pled. *See Amazon.com*, 2025 WL 2677086, at *15 (rejecting due process defense at summary judgment where the defendants' motion to dismiss briefing "represented to the Court that [the statute] is a 'clear statute' and '[the statute] is facially clear,'" and where the statute "uses familiar legal terms and standards that are often found in state and federal law"); *see also Wyndham*, 799 F.3d at 256 ("Fair notice is satisfied here as long as the company can reasonably foresee that a court could construe its conduct as falling within the meaning of the statute."); *cf. FTC v. Key Inv. Grp. LLC*, 831 F. Supp. 3d 377, 386 (D. Md. 2026) (holding with respect to a different vagueness challenge to the BOTS Act that the statute "provides enough context and does not fail to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits") (internal quotation omitted).

The Ninth Defense asserts a highly similar due process defense, alleging that because this is the FTC's first BOTS Act enforcement action against a ticket resale platform, "the FTC failed to provide fair notice that Defendants' alleged conduct violated the BOTS Act." ECF-147 at 35. This argument is untenable: Following Defendants' logic, every case of first impression would amount to a Due Process violation. But the Due Process Clause does not cause the FTC to "waive its right to enforce a statute when it has declined to do so in the past." *FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1331 (W.D. Wash. 2024) ("That the FTC has not brought civil actions against all individuals who the Defendants argue engage in

similar practices does not mean that this enforcement action violates the individual defendants' rights to due process.").

Moreover, it is the text of the BOTS Act, not the FTC's actions to enforce it, that is relevant to a due process defense, and this Court already has held that the BOTS Act is clear that Defendants may be held liable for the conduct alleged in the Complaint. *See Wyndham*, 799 F.3d at 253-54 (rejecting an FTC defendant's constitutional "fair notice" challenge, explaining that the "relevant question is not whether [the defendant] had fair notice of the *FTC's interpretation* of the statute, but whether [the defendant] had fair notice of what the *statute itself* requires") (emphases in original); *Amazon.com*, 735 F. Supp. 3d at 1331 (Defendants "are only entitled to 'notice of the meaning of the statute and not to the agency's interpretation of the statute.'") (quoting *Wyndham*, 799 F.3d at 255). Defendants' threadbare pleading, therefore, does not allege any grounds that could undermine the notice given by the statute, itself. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024) (holding that "agencies have no special competence in resolving statutory ambiguities" and that "every statute's meaning is fixed at the time of enactment") (quotation omitted).

In sum, the Eighth and Ninth Defenses both mount the same foreclosed, conclusory challenge about whether the BOTS Act's express language provides the minimal notice constitutional due process requires from civil statutes regulating economic activity. Because both defenses rise and fall with the BOTS Act's plain text, neither justifies any discovery against Plaintiffs. More to the point, both fail to provide "fair notice" of any viable constitutional defense and should therefore be stricken under Rule 12(f). *See Meta*, 2022 WL 16637996, at *7; *FTC v. LendingClub Corp.*, No. 18-cv-02454-JSC, 2019 WL 7488991, at *3 (N.D. Cal. Apr. 29, 2019).

<u>Equal Protection (Defense 10).</u> The Tenth Defense, which sounds in equal protection, should be stricken for at least two reasons. First, it is insufficiently

alleged because "[a] claim that a government agency abused its discretion in selectively enforcing a regulation against a class of one is generally available only in truly horrendous situations," and Defendants' bare-bones pleading provides no notice of any such circumstances. *United States v. Google, LLC*, 692 F. Supp. 3d 583, 595 (E.D. Va. 2023) (quoting *SEC v. W. Int'l Sec., Inc.*, No. 2:22-cv-04119-ODW (AFMx), 2023 WL 2480732, at *8 (C.D. Cal. Mar. 13, 2023)); *see also W. Int'l*, 2023 WL 2480732, at *8 (a successful selective enforcement defense must show "the regulator has brought the enforcement action for reasons forbidden by the Constitution," drawing "on ordinary equal protection standards") (citations omitted). Indeed, it is not even clear that a defense of selective prosecution or enforcement is available at all in "a civil enforcement action" like this one. *SEC v. Christian Stanley, Inc.*, No. CV 11-7147-GHK (MANx), 2012 WL 13012479, at *3 (C.D. Cal. June 4, 2012); *see also Google*, 692 F. Supp. 3d at 593-94 (similar, collecting cases); *cf. Church of Scientology of Cal. v. CIR*, 823 F.2d 1310, 1320-21 (9th Cir. 1987) (questioning whether selective prosecution's "stringent criminal standard" was appropriate in a civil enforcement action, but nevertheless using it to confirm the court's analysis of a First Amendment discrimination claim).

Second, even assuming this defense is available, Defendants' framing of the defense as selective enforcement—as opposed to selective prosecution—is incorrect. ECF-147 at 36. Selective *enforcement* defenses apply to actions of "law enforcement officers" like "investigating agents" seeking evidence of unlawful conduct, whereas selective *prosecution* defenses challenge actions by prosecutors, who occupy a "'special province' of the executive branch and have 'broad discretion' to enforce our nation's laws." *United States v. Sellers*, 906 F.3d 848, 853 (9th Cir. 2018) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). By challenging Plaintiffs' decision to prosecute their claims and seek judicial relief against

Defendants, the Tenth Defense asserts a selective prosecution defense.[2] *See Meta*, 2022 WL 16637996, at *8 n.4 (noting that the "overall thrust" of an affirmative defense challenging the FTC's selection of a defendant "more closely resembles an objection to a prosecutor's 'selective prosecution,' rather than an investigator's 'selective enforcement'").

The distinction matters because, unlike with selective enforcement, defendants asserting selective prosecution "must show both discriminatory effect and discriminatory purpose" before obtaining discovery. *Sellers*, 906 F.3d at 852; *see also Meta*, 2022 WL 16637996, at *8 (applying the *Sellers* standard to an affirmative defense in an FTC enforcement action, explaining that "selective prosecution defenses must contain additional allegations that other similarly situated individuals were *not* prosecuted") (emphasis in original). Indeed, the standard for obtaining discovery on a selective prosecution claim "should be nearly as rigorous as that for proving the claim itself." *Sellers*, 906 F.3d at 852 (citing *Armstrong*, 517 U.S. at 468); *see also Meta*, 2022 WL 16637996, at *8 ("a 'selective prosecution' defense" is subject to "higher pleading requirements"). The Tenth Defense's single sentence comes nowhere close to meeting the incredibly high bar for obtaining discovery on a selective prosecution defense. *See, e.g.*, *FTC v. Day Pacer LLC*, No. 19-cv-01984, 2020 WL 12630538, at *3 (N.D. Ill. Feb. 28, 2020) (striking defendant's affirmative defense of equal protection that came "nowhere close to alleging discrimination based on a protected classification, nor any sort of differential treatment compared to similarly situated companies"). Indeed, the Tenth Defense "does not allege any underlying factual basis," which would not even meet the more lenient pleading standard for selective enforcement.[3] *Meta*, 2022 WL

---

[2] Further extending the prosecutor analogy, Plaintiffs in this case are seeking civil penalties, which are a form of "pecuniary" punishment. *Kokesh v. SEC*, 581 U.S. 455, 461 (2017) (alteration and citation omitted), *superseded by statute*, 15 U.S.C. § 78u(d)(7); *see also FTC v. Day Pacer LLC*, 125 F.4th 791, 809 (7th Cir. 2025) (an action seeking civil penalties under the FTC Act "is penal").

[3] Requiring more extensive factual allegations in an affirmative defense alleging selective prosecution or enforcement is consistent with Rule 8's "fair notice" doctrine, which contemplates that greater "factual detail" may be required for certain defenses. *Accu*, 2023 WL 6783302, at *6. To the extent there is any conflict, the standards

16637996, at *8 (emphasis omitted); *see also Sellers*, 906 F.3d at 854 (defendant asserting selective enforcement "must have something more than mere speculation to be entitled to discovery") (emphasis omitted); *cf. Day Pacer*, 2020 WL 12630538, at *3-4 (striking affirmative defense where "it is not entirely clear" which allegations "are even meant to illustrate an equal protection claim"). The fact that this may be the first enforcement action under the BOTS Act against a ticket resale platform comes nowhere close to supporting a valid defense. *See, e.g.*, *W. Int'l*, 2023 WL 2480732, at *9 ("If merely enforcing a regulation for the first time means a regulator is guilty of selective enforcement, then the regulator could never successfully begin enforcing a new rule.").

The prejudice to Plaintiffs if the Tenth Defense is not stricken is substantial. Allowing the defense to stand would improperly "open up entirely new areas to discovery" that are far afield from Plaintiffs' claims and not justified by Defendants' threadbare allegations. *Am. Tax Relief*, 2011 WL 13135578, at *1. Indeed, courts have recognized that selective prosecution claims impose onerous discovery burdens on government agencies, which would cause substantial prejudice to Plaintiffs and unjustifiably complicate this litigation. *See W. Int'l*, 2023 WL 2480732, at *9 (striking selective prosecution affirmative defense in SEC enforcement action because "the SEC would suffer significant prejudice were it required to conduct expensive and potentially unnecessary and irrelevant discovery on a legally unsustainable affirmative defense") (citation and alteration omitted); *see also Armstrong*, 517 U.S. at 468 (warning that discovery about selective prosecution "will divert prosecutors' resources and may disclose the Government's prosecutorial strategy"). In light of the prejudice that would result from opening the FTC up to

specifically imposed by the Supreme Court and Ninth Circuit for obtaining discovery for selective prosecution and enforcement defenses should control over the general "fair notice" standard. *See Armstrong*, 517 U.S. at 468-70; *Sellers*, 906 F.3d at 855. Indeed, any potential conflict over the applicable standard for this defense reinforces why selective prosecution and enforcement defenses available in criminal cases should not apply here.

expansive, irrelevant discovery, and its wholly insufficient "basis in law or fact," the Tenth Defense should be stricken with prejudice. *Google*, 692 F. Supp. 3d at 596.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court strike affirmative defenses numbered 1-3 and 5-11 from Defendants' Amended Answer.

Dated: November 19, 2026

Respectfully submitted,

By: /s/ *Claire E. W. Stewart*

Elizabeth C. Scott (*pro hac vice)*
escott@ftc.gov
Taylor H. Arana (*pro hac vice)*
tarana@ftc.gov
Claire E. W. Stewart (*pro hac vice)*
cstewart@ftc.gov
Guy G. Ward (*pro hac vice*)
gward@ftc.gov
FEDERAL TRADE COMMISSION
230 South Dearborn Street, Suite 3030
Chicago, IL 60604
Telephone: 312-960-5609 (Scott)
312-960-5639 (Arana)
312-960-5615 (Stewart)
312-960-5601 (Ward)
Fax: 312-960-5600

Local Counsel:
Aaron M. Schue (CA Bar No. 338760)
aschue@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for the Federal Trade Commission*
*[Additional signatures on following pages]*

/s/ *Brady J. Grassmeyer*
Brady J. Grassmeyer (*pro hac vice*)
Brady.Grassmeyer@coag.gov
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6263

*Attorney for the Attorney General of Colorado*

/s/ *Benjamin J. Swanson*
Benjamin J. Swanson (*pro hac vice*)
benjamin.swanson@nebraska.gov
Michael Greenlee (*pro hac vice forthcoming*)
Michael.Greenlee@Nebraska.gov
Assistant Attorneys General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
Telephone: (402) 471-3840

*Attorneys for the State of Nebraska*

/s/ *Peishen Zhou*
Peishen Zhou (*pro hac vice*)
peishenzhou@agutah.gov
Assistant Attorney General
Robert Wing (*pro hac vice*)
Rgwing@agutah.gov

/s/ *Donna C. Valin*
Donna Cecilia Valin (*pro hac vice*)
Email:
donna.valin@myfloridalegal.com
Consumer Protection Division
135 West Central Blvd.
Orlando, Florida 32801
Telephone: (407) 316-4840

Victoria Anne Butler
Email:
victoria.butler@myfloridalegal.com
3507 East Frontage Road, Suite 325
Tampa, Florida 33607
Telephone: (812) 287-7950

Henry Q. Johnson
Email:
henry.johnson@myfloridalegal.com
110 SE 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Telephone (954) 712-4600

*Attorneys for the State of Florida*

/s/ *Alexandra A. Golota*
ALEXANDRA A. GOLOTA (*pro hac vice*)
alexandra.golota@ilag.gov
Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street, 26th Floor
Chicago, Illinois 60603

Director, Commercial Enforcement Div.
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, UT 84114
Telephone: (385) 499-1963

*Attorneys for the State of Utah and the Utah Division of Consumer Protection*

/s/ *Chandler P. Crenshaw*
CHANDLER P. CRENSHAW (*pro hac vice*)
CCrenshaw@oag.state.va.us
Assistant Attorney General and Unit Manager
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Fax: (804) 786-0122

*Attorney for Plaintiff Commonwealth of Virginia*

Telephone: (872) 272-0794 (Golota)
(224) 252-6458 (Person)

*Attorneys for the State of Illinois*

/s/ *Kristine Knowles*
KRISTINE KNOWLES (*pro hac vice*)
Kristine.Knowles@ag.tn.gov
KELLEY GROOVER (*pro hac vice*)
Kelley.Groover@ag.tn.gov
DAIMON S. DUGGAR (*pro hac vice*)
Daimon.Duggar@ag.tn.gov
OFFICE OF THE TENNESSEE ATTORNEY GENERAL
Public Protection Division
301 6th Ave. North
Nashville, TN 37243
Telephone: (615) 741-1671
Fax: 1-615-523-3810

*Attorneys for the State of Tennessee*

**STATEMENT PURSUANT TO L.R. 5-4.3.4(a)(2)(i)**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I, Claire E. W. Stewart, hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

By: *_/s/ Claire E. W. Stewart_*

Claire E. W. Stewart
Attorney for Plaintiff
Federal Trade Commission

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Federal Trade Commission, certifies that this brief contains 6404 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ Claire E. W. Stewart*
Claire E. W. Stewart
Attorney for Plaintiff
Federal Trade Commission